COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


MICHAEL ANTHONY DIZON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1620-07-1                      JUDGE WILLIAM G. PETTY
                                                          NOVEMBER 18, 2008

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Lydia Calvert Taylor, Judge

               J. Barry McCracken for appellant.

               Karen Misbach, Assistant Attorney General II (Robert F.
               McDonnell, Attorney General, on brief), for appellee.


        Following a bench trial, Michael Anthony Dizon was convicted of possession of cocaine, in

violation of Code § 18.2-250 and possession of a firearm by a convicted felon and possession of a

firearm while possessing cocaine, in violation of Code § 18.2-308.4.[1]  Dizon appeals these

convictions, arguing that the circuit court was without jurisdiction to try him for the felony charges

in the absence of an arraignment and entry of pleas.  Dizon admits that this issue was not preserved

below, and asks this Court to invoke the ends of justice exception to Rule 5A:18.  Because we

conclude that this record does not show that a miscarriage of justice occurred, we decline to apply

the ends of justice exception and determine that Dizon's argument on appeal was procedurally

defaulted.


─────────────────────────

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Dizon was also convicted for possession of marijuana, in violation of Code § 18.2-250.1
and failing to display a front license plate, in violation of Code § 46.2-715.  However, these
misdemeanor convictions are not challenged on appeal.

According to Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." However, the rule provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." Id. We narrowly apply the ends of justice exception only in cases in which an appellant can prove trial court error that was "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). The exception is only "used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in original).

The record in this case does not indicate that any error took place, much less a miscarriage of justice. It is true that the trial transcript in this case does not reflect that Dizon was arraigned or entered guilty pleas.[2] However, the trial court's order referring this matter for a presentence report recites that Dizon "appeared in person" at trial "with his attorney" and "waived arraignment." The order also states that Dizon "after private consultation with his attorney, . . . entered pleas of not guilty" to the charges "by way of his attorney."

A court speaks through its orders. Waterfront Marine Constr., Inc. v. North End 49ers, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996). "[W]e presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired." Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979), cert. denied, 445 U.S. 972 (1980) (citations omitted). The burden is on

---

[2] The transcript also clearly indicates that the parties and the trial court had been discussing the case off the record before transcription began. At the beginning of the transcript, the court noted that: "This is the matter of Commonwealth v. Michael A. Dizon. This is a case where both sides wanted to work it out." The court went on to explain, "the parties have agreed that they would tell me more or less what the facts were [and] let me figure out the legal issues."

the party alleging an irregularity in a court proceeding to show affirmatively from the record that the irregularity exists.  Hagood v. Commonwealth, 157 Va. 918, 929, 162 S.E. 10, 13 (1932). Here, Dizon has not met that burden—the record reflects that he waived arraignment and entered pleas of not guilty.

We are similarly unpersuaded by Dizon's argument that his attorney entering his pleas for him, in his presence, divested the trial court of jurisdiction.  According to Code § 19.2-254, a person accused of a felony must have the charge read to him in open court and be asked to make a plea on that charge.  If the defendant will not enter a plea, the court must enter a plea of not guilty before the trial may commence.  See Code § 19.2-259.  Our Supreme Court has held that the requirement that an accused plead is "jurisdictional in nature in the sense that without such a plea 'there can be no trial of a felony charge.'"  Cassidy v. Commonwealth, 210 Va. 80, 82, 168 S.E.2d 125, 126 (1969) (quoting Roach v. Commonwealth, 157 Va. 954, 960, 162 S.E. 50, 52 (1932)).

While there must be an entry of a plea in a felony case, there is no reason that the accused's attorney may not enter a not guilty plea on his client's behalf.  In this case, the order reflects that Dizon was present with his attorney and his attorney entered pleas of not guilty to the felony charges against him.  There is no indication from the record that Dizon protested the entry of the not guilty pleas.  When a criminal defendant, who is present in court with his counsel "'manifests no dissent, it is usually fair to assume that he approves of, or at least acquiesces in, the decision taken in open court in his behalf by his counsel.'"  Bilokur v. Commonwealth, 221 Va. 467, 472, 270 S.E.2d 747, 751 (1980) (quoting Cruzado v. People of Puerto Rico, 210 F.2d 789, 791 (1st Cir. 1954)).

Accordingly, we decline to invoke the ends of justice exception in this case, and hold that Dizon's appeal is procedurally barred.

Affirmed.