# Richmond

## JOHN ROACH v. COMMONWEALTH.

January 14, 1932.

Present, Campbell, C. J., and Holt, Epes and Browning, JJ.

The opinion states the case.

*Ernest Ruediger, Mapp & Mapp* and *Herbert Barnes,* for the plaintiff in error.

*John R. Saunders, Attorney-General* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error was indicted for unlawfully and feloniously entering, in the nighttime, while armed with a deadly weapon, the Capeville Bank, with intent to commit larceny. The indictment charged a violation of section 4439 of the Code, which reads:

"If any person armed with a deadly weapon shall enter any banking house in the daytime or in the nighttime with intent to commit larceny of money, bonds or notes, or other evidence of debt therein, he shall be punished with death, or by confinement in the penitentiary for life, or for any term not less than five years."

Upon his arraignment the accused pleaded not guilty, and thereupon he was put on trial before a jury. At the conclusion of the evidence for the Commonwealth, counsel representing the accused stated to the court that accused wished to change his plea from not guilty to guilty. He was informed by the court that if he entered a plea of guilty, the court would withdraw the case from the jury; whereupon counsel stated: "I will change the plea to *nolo contendere*."

With the assent of the court the trial proceeded and the accused testified as a witness in his own behalf. At the conclusion of the testimony of the accused, counsel sought to introduce numerous witnesses who, it was avowed, would testify that prior to the alleged offense accused bore a good reputation for truth and honesty. The court, of its own motion, refused to permit the introduction of further evidence, stating: "Mr. Roach has changed his plea of not guilty to a plea of *nolo contendere*. I have permitted the defendant to make his statement to the jury, but will not permit you to put on any witness to testify in his behalf. A person who pleads *nolo contendere* cannot do this."

The jury found the accused guilty as charged in the indictment, and fixed his punishment at fourteen years confinement in the penitentiary. The motion of the accused

to set aside the verdict and grant him a new trial was overruled by the court, and judgment was entered in accordance with the verdict of the jury.

Two errors are assigned: (1) That the court erred in accepting the plea of *nolo contendere*; (2) That the court erred in refusing to admit the introduction of evidence on behalf of the accused as to his previous good general reputation for truth and veracity and honesty, offered in mitigation of punishment."

The action of the trial court in accepting defendant's plea of *nolo contendere* and in permitting the jury to determine the issue on that plea raises a novel question. There is in Virginia no statute governing a plea of *nolo contendere* and our attention has been called to but one Virginia case discussing such a plea.

In *Honaker* v. *Howe*, 19 Gratt. (60 Va.) 50, it appears that Howe brought an action against Honaker for damages for assault and battery. On the trial of the case Howe offered in evidence the record of an indictment against Honaker for an assault upon the plaintiff with an intent to kill him. Upon this indictment Honaker had previously been fined, not upon a plea of *nolo contendere*, but upon a confession of judgment. Over the objection of the defendant, the trial court admitted the evidence. The admissibility of the evidence was the only question involved in the decision of the case. This court held that the evidence should not have been admitted and reversed the case. In the opinion of the court, delivered by Judge Joynes, the distinction is drawn between a confession of judgment and a plea of *nolo contendere*. Says that learned judge:

"The essential difference between the effect of a direct or express confession, and that of a confession implied upon a *nolo contendere*, seems to be clearly marked by the difference in the form of the entry. The direct confession is an acknowledgment of the fact charged in the indictment, and

accordingly the entry is *cognovit indictamentum*. No such entry is made upon the plea of *nolo contendere*, which indicates that it is not understood as an acknowledgment of the fact charged. The entry in such a case imports merely that the defendant is willing, and desirous, if the court will allow it, to pay a small fine in order to get rid of the prosecution. Such a proceeding on the part of defendant implies a confession 'in a manner,' as Hawkins says, of the truth of the charge. But it is, strictly speaking, only an agreement on the part of the defendant, that the fact charged may be considered as true for the purposes of the case, but for them only. Being unwilling to confess the truth of the charge, he will not plead guilty; thinking it best for him not to submit to a trial, he will not plead not guilty; but desiring to make his peace on the best terms, he throws himself on the mercy of the court, and declares his willingness to pay a fine, without confessing or denying his guilt. He agrees that the court may consider him guilty for the purpose of imposing a fine upon him, but the agreement goes no further."

The holding of the court in that case that "where the defendant on an indictment for a misdemeanor, without pleading, confesses a judgment for a specific sum as a fine, the record is not evidence in a civil action for the same cause, to prove the fact," still remains the law in this State. Since there is no statute governing the plea of *nolo contendere* and no decision of this court defining its applicability, resort must be had to the common law of England which obtains in Virginia ("so far as it is not repugnant to the principles of the Bill of Rights and Constitution of this State"), to ascertain if the defendant's plea of *nolo contendere* should have been accepted by the trial court and the issue upon that plea submitted to the jury.

In Hawkins' Pleas of the Crown, volume II, chapter XXXI, section 3, we read:

"An implied confession is where a defendant, in a case not capital, doth not directly own himself guilty, but in a manner admits it by yielding to the King's mercy, and desiring to submit to a small fine; in which case, if the court think fit to accept of such submission, and make an entry that the defendant *posuit se in gratiam regis*, without putting him to a direct confession, or plea (which in such cases seems to be left to discretion), the defendant shall not be estopped to plead not guilty to an action for the same fact, as he shall be where the entry is *quod cognovit indictamentum.*"

In Chitty's Criminal Law, volume 1, section 431, similar language is used.

Mr. Bishop, in his New Criminal Procedure, volume 1, 4th ed., 472, discussing the plea of *nolo contendere*, says:

"It is pleadable only by leave of court, and in light misdemeanors. The difference between it and guilty appears simply to be, that while the latter is a confession binding the defendant in other proceedings, the former has no effect beyond the particular case. It simply justifies the court in imposing its sentence."

Clark's Criminal Procedure, page 374, is to the same effect.

In *Schad* v. *McNinch*, 103 W. Va. 44, 136 S. E. 865, page 867, it is said:

"According to the quoted decisions involving the common-law constructions of such a plea, the weight of authority authorizes courts to entertain it, or not, at their discretion, in that class of misdemeanors for which punishment must be imposed by fine, imprisonment, or both."

In *Tucker* v. *U. S.* (C. C. A.) 196 Fed. 260, 266, 41 L. R. A. (N. S.) 70, the court thus states the rule:

"The allowance of the 'implied confession' as a *nolo contendere* plea, thus defined to be the defendant's yielding to

mercy in the punishment, 'and desiring to submit to a small fine,' necessarily implies, as we believe, that the case for such allowance must be within the class of misdemeanors for which punishment may be imposed by fine alone, although the offense may as well be punished by imprisonment, at the discretion of the court, either as an alternative of fine, or in addition thereto, or to enforce payment of the fine. * * * So defined, the rule affords no ground for entertaining the plea, either in cases of felony, requiring infamous punishment to be imposed on conviction, or in cases of misdemeanor, for which the punishment must be imprisonment for any term, with or without a fine. * * *"

In Virginia there is no such distinction between "capital cases" and "felonies" as exists in some other jurisdictions, or as existed at common law. Section 4758 of the Code classifies offenses as either felonies or misdemeanors. "Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors."

The case before us involves a felonious charge. We are, therefore, of opinion that under the prevailing law in this State a plea of *nolo contendere* cannot be accepted in a felony case, and that the court erred in receiving the plea.

We are further of opinion that the plea of *nolo contendere* should not, as suggested, be treated as equivalent to a plea of not guilty, for the reason, as stated, that in no felony case should the plea be received by the court. In this case the plea of not guilty was withdrawn, the plea of guilty was rejected by the court, and the plea of *nolo contendere* was improperly received; therefore, it follows that the case was tried without a joinder of issue upon any valid plea. Without a plea entered in person by the accused, or by the court, there can be no trial of a felony charge.

Section 4894 of the Code concludes the question. There

it is provided: "A person tried for felony shall be personally present during the trial. If when arraigned he will not plead or answer, and do not confess his guilt, the court shall have the plea of not guilty entered, and the trial shall proceed as if the accused had put in that plea."

█ The second assignment of error is based upon the refusal of the court to admit evidence as to the previous good character of the accused. The rule is well settled that an accused, upon a plea of not guilty, is entitled to introduce evidence tending to show that he is a person of good reputation. The introduction of such evidence is permitted for the reason that it throws light upon the question whether it is likely that a person of good character would commit the crime charged. On the other hand, the Commonwealth may introduce evidence in rebuttal.

█ In considering the question involved, we should keep in mind the statute under which the accused is being prosecuted. The punishment prescribed by section 4439 ranges from a minimum of five years in the penitentiary to a maximum of death. The court or jury trying the issue under a proper plea is vested with a wide discretion as to the imposition of punishment. It would seem that the legislature has drawn a distinction between one who makes his first false step upon the pathway of crime and the hardened criminal who is in his element when he is following the pursuit of a yeggman.

If upon a second trial the accused should plead guilty and offer evidence of good character, it should be admitted, not for the purpose of affecting his guilt or innocence, but for the effect it may have upon the degree of his punishment; the Commonwealth also to have the right to introduce evidence in rebuttal.

The judgment is reversed because of the errors in procedure indicated, and the case is remanded for a trial *de novo*.

*Reversed.*