## Richmond

REXFORD GARLAND CASSIDY V. C. C. PEYTON, SUPERINTENDENT OF
THE VIRGINIA STATE PENITENTIARY.

June 16, 1969.

Record No. 6957.

Present, All the Justices.

*F. H. Conway*, for plaintiff in error.

*W. Luke Witt, Assistant Attorney General (Robert Y. Button,
Attorney General; Reno S. Harp, III, Assistant Attorney General*, on
brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

The question involved in this habeas corpus appeal is whether Rexford Garland Cassidy, the petitioner, is entitled to a new trial because his original conviction of a felony was based upon a plea of *nolo contendere*.

The record shows that at the July, 1961, term of the Corporation Court of Danville, the petitioner was indicted for the malicious

wounding of Freddie Anderson Goins. On September 16, 1961, the petitioner appeared in court with his retained counsel and entered a plea of *nolo contendere* to the indictment. The court accepted the plea, found the petitioner guilty of malicious wounding, and sentenced him to serve twelve years in the penitentiary, with two years suspended.

On July 20, 1966, the petitioner filed a petition for a writ of habeas corpus attacking his conviction of malicious wounding. The trial court held a plenary hearing and denied the petition. The petitioner was granted a writ of error.

The petitioner contends that because his conviction was based upon a plea of *nolo contendere*, it is "invalid, null and void." The petitioner argues that a plea of *nolo contendere* cannot be received in a felony case, and when improperly received, vests the court with no jurisdiction over the accused.

The Commonwealth contends that the question of a plea of *nolo contendere* is procedural in nature and cannot be considered for the first time upon a petition for habeas corpus. The Commonwealth argues that since the petitioner raised no question about his plea at the original trial, he cannot raise it now.

We are of opinion that this court's decision in *Roach v. Commonwealth*, 157 Va. 954, 960-961, 162 S. E. 50, 52 (1932), is applicable here and, under the principles of stare decisis, is controlling of the question before us.

In the *Roach* case, the accused was indicted for feloniously entering a banking house while armed with a deadly weapon with intent to commit larceny. The accused entered a plea of not guilty to the indictment and was put on trial before a jury. At the conclusion of the Commonwealth's evidence, the accused advised the court that he wished to change his plea from not guilty to guilty. When informed by the court that if the plea was changed to guilty the case would be withdrawn from the jury, the accused stated that he would change his plea to *nolo contendere*.

With the assent of the court, the trial proceeded before the jury upon the plea of *nolo contendere*. The accused was found guilty, and his conviction was approved by the trial court. On appeal, the principal question was whether the trial court erred in accepting the plea of *nolo contendere*.

Mr. Chief Justice Campbell, writing for the court, stated that while a plea of *nolo contendere* is permissible in a misdemeanor case, such

a plea "cannot be accepted in a felony case, and . . . the court erred in receiving the plea."

The court further held that "Section 4894 of the Code (now Code, § 19.1-240) concludes the question." That Code section provided that "If when arraigned [a person tried for felony] will not plead or answer, and does not confess his guilt, the court shall have the plea of not guilty entered, and the trial shall proceed as if the accused had put in that plea." The effect of the court's earlier ruling upon the question here is that a plea of *nolo contendere* is not such a confession of guilt under the statute as is sufficient to sustain a conviction of felony.

In reversing the judgment of conviction in the *Roach* case, we stated that our action was "because of the errors in procedure indicated." It is this language of the opinion upon which the Commonwealth now relies in contending that the question of a plea of *nolo contendere* is procedural in nature and cannot be first raised in a petition for habeas corpus.

However, in another portion of the *Roach* opinion, this language is found:

" . . . [T]he plea of *nolo contendere* was improperly received; therefore, it follows that the case was tried without a joinder of issue upon any valid plea. Without a plea entered in person by the accused, or by the court, there can be no trial of a felony charge." 157 Va., at 960, 162 S.E., at 52.

█ If the just-quoted language of the *Roach* opinion is to be given its plain meaning, it cannot be said that the question of a plea of *nolo contendere* is merely procedural in nature, requiring its assertion at the original trial, as opposed to a question of jurisdiction, which may first be raised upon habeas corpus. While the entry of a proper plea may be termed procedural in the sense that it is one of the steps to be followed in a felony proceeding, it is nonetheless, under the *Roach* decision, jurisdictional in nature in the sense that without such a proper plea, "there can be no trial of a felony charge."

It follows that the order of the trial court denying the petitioner a writ of habeas corpus must be reversed, his conviction set aside, and the case remanded for further proceedings against him, if the Commonwealth be so advised.

*Reversed and remanded.*