## Richmond

Gᴇᴏʀɢᴇ Wɪʟʟɪᴀᴍ Lᴇᴡɪs, Jʀ. ᴠ. Cᴏᴍᴍᴏɴᴡᴇᴀʟᴛʜ ᴏꜰ Vɪʀɢɪɴɪᴀ.

Hᴀʏᴡᴏᴏᴅ Nᴀᴄᴄᴏᴍᴜs Gʀᴀɴᴛ, Jʀ. ᴠ. Cᴏᴍᴍᴏɴᴡᴇᴀʟᴛʜ ᴏꜰ Vɪʀɢɪɴɪᴀ.

November 29, 1971.

Record Nos. 7734, 7735, 7736 and 7737.

Present, All the Justices.

*William J. Cox* (*Cox, Woodbridge and Smith*, on brief), for plaintiff in error in Record Nos. 7734, 7735, 7736 and 7737.

*Robert E. Shepherd, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7734, 7735, 7736 and 7737.

Per Curiam.

These defendants were jointly tried on indictments charging them with felonious assault (maiming) and attempted rape. They were found guilty on each indictment by a jury which fixed the punishment of each defendant at ten years on each count.

The single issue here revolves around communications exchanged between the court and jury after the jury had retired to deliberate. The jury sent a message to the trial judge asking that the jury be allowed to hear the testimony of Grant, who had not testified. Upon receiving this message the trial judge advised counsel of the jury's request and, after a discussion with counsel, sent a written message

to the jury which read as follows: "You must base your verdict on the evidence and instructions before you."

No objection was made to this procedure by defendants' counsel. Neither of the defendants was present when the message from the jury was received, during the subsequent discussion between the court and counsel or when the message from the court was dispatched to the jury.

Code § 19.1-240 provides "A person tried for felony shall be personally present during the trial. . . ."

This provision, which is declaratory of a principle of the common law, is an essential part of the process of law provided for the trial of persons charged with a felony. Conformity to the rule is essential to jurisdiction and the accused cannot waive it. *Noell* v. *Commonwealth*, 135 Va. 600, 115 S.E. 679 (1923).

These cases are controlled by *Palmer* v. *Commonwealth*, 143 Va. 592, 130 S.E. 398 (1925), where we said:

". . . Generally stated, the rule is that he must be present on his arraignment, when any evidence is given or excluded, when the jury is charged, *when the trial court wishes to communicate with the jury in answering questions by them, and when the jury receives further instructions. . . .*" (emphasis supplied) 143 Va. 605, 130 S.E. 402.

The cases are reversed and remanded for a new trial.

*Reversed and remanded.*