COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


EARL BOBBY WALKER
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1220-96-4        JUDGE NELSON T. OVERTON
                                             JUNE 24, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                       John R. Cullen, Judge

              V. R. Shackelford, III (Shackelford,
              Honenberger, Thomas, Willis & Gregg, P.L.C.,
              on brief), for appellant.

              Kathleen B. Martin, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


     Earl Bobby Walker was charged with attempted capital murder

and convicted by a jury of the lesser-included offense of assault

and battery.  He appeals this conviction on the ground that he

was never arraigned on the indictment.  We reverse and remand.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Walker was indicted for abduction, rape, sodomy, and

attempted capital murder.  Due to a series of continuances and

pretrial motions, Walker's arraignment on the attempted capital

murder charge was inadvertently omitted.  At trial, Walker was

---

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

tried on all four indictments, including attempted capital murder.  He had not been arraigned and had not entered a plea.

"[U]pon a trial of any felony, there must be a plea by the defendant."  <u>Crutchfield v. Commonwealth</u>, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948).  The accused must have the charge read to him in open court and be asked to make a plea on that charge.  <u>See</u> Code § 19.2-254.  If the defendant will not enter a plea, the court must enter a plea of not guilty before the trial may commence.  <u>See</u> Code § 19.2-259.  "Without a plea entered in person by the accused, or by the court, there can be no trial of a felony charge."  <u>Roach v. Commonwealth</u>, 157 Va. 954, 960, 162 S.E. 50, 52 (1932).  This requirement is "jurisdictional in nature in the sense that without such a plea, 'there can be no trial of a felony charge.'"  <u>Cassidy v. Commonwealth</u>, 210 Va. 80, 82, 168 S.E. 125, 126 (1969) (quoting <u>Roach</u>, 157 Va. at 960, 162 S.E. at 52).

Walker was never arraigned and never entered a plea for attempted capital murder.  Without a plea, the trial for attempted capital murder could not occur and was a nullity.  His conviction resulting from that charge must be reversed.

We reverse the conviction for assault and battery and remand for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>