COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Powell and Senior Judge Coleman
Argued at Richmond, Virginia


LYNELL BUTLER SIMMONS
                                                            OPINION BY
v.        Record No. 0542-08-2                    JUDGE SAM W. COLEMAN III
                                                         AUGUST 18, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Richard D. Taylor, Jr., Judge

        John A. March for appellant.

        Joshua M. Didlake, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Lynell Butler Simmons was convicted of murder, attempted murder, attempted robbery, and

related firearms charges.  On appeal, Simmons maintains his attempted murder conviction is void

because he was never arraigned and never entered a plea on that charge.  For the reasons that follow,

we disagree and affirm his conviction.

                                          Background

        In the early morning hours of June 10, 2007, Jalier Burleigh and his cousin, Jamar

Blackwell, were walking home from a 7-Eleven convenience store when Simmons stepped out from

behind a tree.  Simmons pointed a gun at Burleigh and Blackwell and ordered them to empty their

pockets.  Upon discovering the men had no money, Simmons shot Burleigh in the head and killed

him.  As Blackwell fled, Simmons fired at him as well, narrowly missing him and leaving a bullet

hole in the armpit of his jersey.

        Simmons was arraigned on charges of murder, two counts of attempted robbery, use of a

firearm in the commission of murder, two counts of use of a firearm in the commission of

attempted robbery, and use of a firearm in the commission of attempted murder. While the latter firearm count charged that Simmons used a firearm "while committing or attempting to commit the . . . murder of Jamar Blackwell," the trial transcript reflects that the attempted murder charge was omitted from arraignment. Simmons pled not guilty to each of the charges on which he was arraigned. In questioning Simmons about his pleas, the trial court inquired whether Simmons had "had an opportunity to take a look at these indictments," and Simmons responded affirmatively. He expressed his understanding of the indictments and acknowledged he had discussed them with his attorney.

Throughout the trial, the trial court and the parties apparently proceeded under the assumption that Simmons had been arraigned on the attempted murder charge and had entered a plea of not guilty. Prior to trial, Simmons's counsel sought to exclude the introduction of Blackwell's bullet-ridden jersey and referred to Blackwell as the "surviving eyewitness, victim." In explaining to the jury the charges they would hear, the trial judge stated Simmons had been charged with the attempted murder of Blackwell, and had pled not guilty. During opening statements, the Commonwealth's attorney told the jury they would hear testimony that Simmons fired at Blackwell after killing Burleigh.

In addition to moving for a mistrial based upon the introduction into evidence of Blackwell's jersey, Simmons expressly moved to strike the attempted murder charge. The trial court denied Simmons's motions, and instructed the jury, along with instructions on the other counts, that Simmons was charged with Blackwell's attempted murder. Simmons's counsel did not object to the court instructing the jury on attempted murder. A verdict form for the attempted murder charge was provided to the jury, also without objection from Simmons's counsel.

During closing argument, both counsel specifically explained and argued at length the attempted murder charge. The Commonwealth's attorney directed the jury's attention to the

bullet holes in Blackwell's jersey and Blackwell's testimony that appellant fired at him. It also argued that Simmons's jailhouse statement that his gun had "f---ed up" meant that it was supposed to kill Blackwell. The Commonwealth's attorney asserted that Simmons's "own words convict him of murder, attempted murder, attempted robbery, and use of a firearm." Simmons's counsel responded that the correct interpretation of Simmons's statement was that the gun accidentally fired. Simmons's counsel also maintained Blackwell's testimony about Simmons shooting at him was not credible because Blackwell did not see appellant firing the gun.

On separate verdict forms, the jury returned a guilty verdict against Simmons on the attempted murder charge and use of a firearm in the commission of attempted murder. The jury recommended a sentence of nine years on the attempted murder conviction.

The final order specifically referenced the jury's findings and sentencing recommendations with respect to each charge, including attempted murder. The order contained the following language regarding Simmons's arraignment: "The defendant was arraigned and pled NOT GUILTY and requested a trial by jury." The final order did not specify that Simmons was arraigned and pled not guilty as to each separate charge. Neither party objected to the accuracy of the final order language.

Analysis

Simmons maintains his attempted murder conviction is void because the trial court failed to arraign him on that charge, thereby depriving the trial court of jurisdiction. While Simmons concedes that he raises the trial court's failure to arraign him for the first time on appeal, he asserts that jurisdictional issues may not be waived and may be raised at any time.

The Commonwealth concedes there can be no trial of a felony charge without the entry of a plea, but maintains Simmons cannot rise above the language of the conviction order stating Simmons was arraigned and pled not guilty. The Commonwealth notes that a trial court "speaks

through its orders and those orders are presumed to accurately reflect what transpired." Citing Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986), the Commonwealth characterizes the recitals in an order as an "absolute verity . . . not subject to collateral attack."

While "[a] court speaks through its orders and those orders are presumed to accurately reflect what transpired," McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997), we are "not restricted to the precise, technical wording of a court's order when other evidence in the record clearly establishes that the court had a different intent." Id. at 36, 480 S.E.2d at 129. "The burden is on the party alleging an irregularity in a court proceeding to show affirmatively from the record that the irregularity exists." Howerton v. Commonwealth, 36 Va. App. 205, 212, 548 S.E.2d 914, 917 (2001).

Because the trial transcript clearly demonstrates that Simmons was not arraigned, we conclude Simmons has met this burden. Cf. id. (errors in final order not established by "flaws in the record"). Accordingly, we turn to Simmons's argument that the trial court lacked subject matter jurisdiction as a result of its failure to arraign him on the attempted murder charge.

"Jurisdiction is a term which can engender much confusion because it encompasses a variety of separate and distinct legal concepts." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 427 (2008). "'Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties.'" Id. (quoting Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990)). "Because a court's power to act presupposes subject matter jurisdiction, the absence of subject matter jurisdiction 'may be raised at any time, in any manner, before any court, or by the court itself.'" Jones v. Commonwealth, 42 Va. App. 142, 146, 590 S.E.2d 572, 574 (2004) (quoting Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 893 (1947)) (footnote omitted).

Simmons was indicted for attempted murder in the circuit court. "All the circuit courts of the Commonwealth 'have original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors.'" Porter, 276 Va. at 229, 661 S.E.2d at 427 (quoting Code § 17.1-513). See also Code § 19.2-239 (Circuit courts "have exclusive original jurisdiction for the trial of all presentments, indictments and informations for offenses committed within their respective circuits.").

Simmons contends his conviction for attempted murder was void based on his reading of Code §§ 19.2-254[1] and 19.2-259[2] providing for arraignment as a mandatory requirement for a circuit court obtaining subject matter jurisdiction. Cf. Porter, 276 Va. at 227-29, 661 S.E.2d at 426-27 (jurisdiction granted to circuit court pursuant to Code § 19.2-239 in nature of territorial jurisdiction rather than subject matter jurisdiction, and thereby subject to waiver). To support that position, Simmons relies on Roach v. Commonwealth, 157 Va. 954, 162 S.E. 50 (1932), and Cassidy v. Peyton, 210 Va. 80, 168 S.E.2d 125 (1969). Based on those cases, Simmons asserts

---

[1] Code § 19.2-254 provides in pertinent part as follows:

> Arraignment shall be conducted in open court. It shall consist of reading to the accused the charge on which he will be tried and calling on him to plead thereto. In a felony case, arraignment is not necessary when waived by the accused. In a misdemeanor case, arraignment is not necessary when waived by the accused or his counsel, or when the accused fails to appear.

[2] Code § 19.2-259 states as follows:

> A person tried for felony shall be personally present during the trial. If when arraigned he will not plead or answer and does not confess his guilt the court shall have the plea of not guilty entered and the trial shall proceed as if the accused had put in that plea. But for the purposes of this section a motion for a continuance, whether made before or after arraignment, shall not be deemed to be part of the trial.

that the failure to arraign a defendant on a felony charge deprives the trial court of subject matter jurisdiction. We disagree.

Roach and Cassidy were decided based upon Section 4894 and Code § 19.1-240, the predecessors to Code § 19.2-259. Roach held that "[w]ithout a plea entered in person by the accused, or by the court, there can be no trial of a felony charge." Roach, 157 Va. at 960, 162 S.E. at 52. The Supreme Court of Virginia reasoned that, "without a joinder of issue upon any valid plea . . . there [could] be no trial of a felony charge." Id. Relying upon this reasoning, Cassidy held that the entry of a plea was "jurisdictional in nature in the sense that without such a plea, 'there can be no trial of a felony charge.'" Cassidy, 210 Va. at 82, 168 S.E.2d at 126 (quoting Roach, 157 Va. at 960, 162 S.E. at 52).

Based upon this premise, Roach and Cassidy held that the entry of a *nolo contendere* plea was insufficient to create a joinder of issue and thereby vest the trial court with jurisdiction. See id. ("The effect of the court's . . . ruling [in Roach] is that a plea of *nolo contendere* is not such a confession of guilt under the statute [Code § 19.1-240] as is sufficient to sustain a conviction.").

The state of the law governing the entry of pleas and presence at trial and arraignment has evolved by statute and by caselaw since Cassidy and Roach were decided. A plea of *nolo contendere* is now expressly permitted by statute. See Code § 19.2-254 ("[I]n misdemeanor and felony cases the court shall not refuse to accept a plea of *nolo contendere*."). Furthermore, other requirements under Code § 19.1-240 previously held to be jurisdictional, such as a defendant's presence at trial, see Lewis v. Commonwealth, 212 Va. 411, 184 S.E.2d 818 (1971),[3] have since

---

[3] Lewis, decided two years after Roach, held as follows:

> Code § 19.1-240 provides "A person tried for felony shall be personally present during trial. . . ."
>
> This provision, which is declaratory of a principle of the common law, is an essential part of the process of law provided for the trial

been held to be subject to waiver.  See Jones v. Commonwealth, 227 Va. 425, 429, 317 S.E.2d 482, 484 (1984) (expressly overruling Noell v. Commonwealth, 135 Va. 600, 115 S.E. 679 (1923), "which [had] made the presence of the accused a jurisdictional prerequisite").  See also Cruz v. Commonwealth, 24 Va. App. 454, 460, 482 S.E.2d 880, 883 (1997) (recognizing a defendant may waive both his constitutional and statutory right to be present at trial and reiterating that Noell had been overruled).  "Today, we know that an accused by his conduct or by choice may forfeit or waive any number of rights."  Jones, 227 Va. at 430, 317 S.E.2d at 484.  See, e.g., Bilokur v. Commonwealth, 221 Va. 467, 474, 269 S.E.2d 747, 752 (1980) (waiver of Sixth Amendment right to confrontation).  Significantly, Code § 19.2-254 now provides, "[i]n a felony case, arraignment is not necessary when waived by the accused."

Even prior to Noell and Roach, the United States Supreme Court recognized that a defendant who understands the nature of the charges against him and defends against them may not void his conviction based upon the absence of a formal arraignment.  See Garland v. Washington, 232 U.S. 642 (1914).  See also United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) ("[a] failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right").  Garland expressly overruled Crain v. United States, 162 U.S. 625 (1896), a case decided on grounds similar to those in Roach.

In tracing the historical background against which Garland and Crain were decided, the Supreme Court of North Carolina observed as follows:

> In 1890, in Crain v. United States, supra, the Supreme Court reversed a felony conviction because the record failed to show that the accused was ever formally arraigned.  Mr. Justice Harlan,

---

> of persons charged with a felony.  *Conformity to the rule is essential to jurisdiction and the accused cannot waive it.*  Noell v. Commonwealth, 135 Va. 600, 115 S.E. 679 (1923).

Lewis, 212 Va. at 412, 184 S.E.2d at 819 (emphasis added).

speaking for six members of the Court, said: "[W]e think it may be stated to be the prevailing rule, in this country and in England, at least in cases of felony, that a plea to the indictment is necessary before the trial can be properly commenced, and that unless this fact appears affirmatively from the record the judgment cannot be sustained." Id. at 643. Mr. Justice Peckham, with whom two members of the Court concurred, wrote a dissenting opinion which was to become the law twenty-four years later when the Supreme Court overruled Crain v. United States in Garland v. Washington, 232 U.S. 642 (1914).

In Garland v. Washington, speaking for a unanimous Court, Mr. Justice Day said with reference to Crain v. United States:

> Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his own oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts were disposed to require that the technical forms and methods of procedure should be fully complied with. But with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckham, speaking for the minority of the court in the Crain Case, when he said:

> "'Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.'"

Id. at 649.

The logic of the words of Mr. Justice Peckham is inescapable, and his words are applicable in toto to this case. Today the modern trend is that "[a]rraignment may be waived by pleading not guilty or by silence, at least in all except capital cases, if the accused is fully informed as to the charge and is not otherwise prejudiced in the trial of the case by the omission of that formality." 21 Am. Jur. 2d, *Criminal Law* § 457 (1965); 22 C.J.S., *Criminal Law* § 408 (1961).

State v. McCotter, 217 S.E.2d 525, 529 (N.C. 1975). See also State v. Smith, 265 S.E.2d 164, 166 (N.C. 1980) ("Where there is no doubt that a defendant is fully aware of the charge against him, or is in no way prejudiced by the omission of a formal arraignment, it is not reversible error for the trial court to fail to conduct a formal arraignment proceeding.").

McCotter overruled an earlier case, State v. Lueders, 200 S.E. 22 (N.C. 1938), which held, like Roach and Cassidy, that "[i]n the absence of a plea to the indictment or charge, there was nothing for the jury to determine." Id. at 23. Lueders reasoned that "where defendant filed no plea there was no issue to be submitted to the jury; [and] that consequently the verdict returned was a nullity, and no judgment could be pronounced upon such a verdict." McCotter, 217 S.E.2d at 530.

Expressly "nullifying" this language in Lueders, the North Carolina Supreme Court concluded the defendant had waived his right to arraignment through his silence.

> In this case there can be no doubt either that defendant was fully aware of the charge against him or that he was in nowise prejudiced by the omission of a formal arraignment -- if indeed it was omitted. When the case was called for trial defendant's first motion was to quash the bill of indictment because "a charge of conspiracy violated his rights under the Constitutions." At the beginning of his charge Judge Exum read the bill of indictment to the jury and then said, "To this charge the defendant has entered a plea of not guilty." Neither defendant nor his counsel arose to deny that he had entered such a plea. Under all the circumstances the judge's recitals are entitled to full faith and credit.
>
> From beginning to end, defendant's trial was a completely adversary proceeding. While the record is silent as to defendant's arraignment, it shows that he was tried as if he had been arraigned

> and had entered a plea of not guilty. In such case the absence of formal arraignment does not constitute reversible error, and the statements in <u>State v. Lueders</u> . . . are nullified.

<u>Id.</u>

Neither Code § 19.2-254 nor Code § 19.2-259 expressly provides that formal arraignment and entry of a plea are jurisdictional requirements. To the contrary, Code § 19.2-254 expressly provides that a defendant may waive arraignment. The record is clear that Simmons was fully aware of the attempted murder charge against him and was tried as if he had been arraigned and entered a plea of not guilty. Simmons points to no evidence indicating he was prejudiced by the trial court's failure to formally arraign him.

The fact that Simmons was on trial for attempted murder was repeatedly communicated to him through the course of the trial. Although Simmons was not arraigned on the attempted murder charge, he was arraigned on a charge of using a firearm in a threatening manner "*while committing or attempting to commit the crime of the murder of Jamar Blackwell.*" Immediately after arraignment, the trial court inquired whether Simmons could read English and whether he had "had an opportunity to take a look at these indictments." Simmons responded affirmatively. He also expressed his understanding of the indictments and acknowledged he had discussed the charges with his attorney. In fact, when the jury entered the courtroom, the trial court informed them that Simmons had been charged with Blackwell's attempted murder and that he had pled not guilty. Neither Simmons nor his counsel "arose to deny that he had entered such a plea." <u>McCotter</u>, 217 S.E.2d at 530.

Simmons's counsel prepared his defense as if Simmons had been charged with and pled not guilty to Blackwell's attempted murder. He objected to the introduction of Blackwell's jersey, referring to Blackwell as the "surviving eyewitness, *victim.*" Simmons and his counsel listened without objection to the Commonwealth's opening statement, remarks which

specifically asserted Simmons fired a shot at Blackwell. In fact, Simmons's counsel later moved to strike the attempted murder charge. He also moved for a mistrial based upon the introduction of Blackwell's jersey into evidence.

After denying Simmons's motions, the trial court instructed the jury that Simmons was charged with Blackwell's attempted murder. A verdict form which included the attempted murder charge was provided to the jury, and both parties addressed the attempted murder charge in closing argument. The jury convicted Simmons of attempted murder and recommended a nine-year sentence. The final order specifically referenced the jury's findings and recommendations regarding each charge, including the attempted murder charge. Despite references to the attempted murder charge during motions, the presentation of evidence, the jury instructions, the verdict forms, and closing argument, appellant never objected to the trial court's failure to arraign him at any phase of the trial.

As in McCotter, Simmons was fully aware of the attempted murder charge and was in no way prejudiced by the omission of a formal arraignment. "From beginning to end, [the] trial was a completely adversary proceeding." Id. Virginia law recognizes that the rights guaranteed by Code § 19.2-259, the successor to the statute referenced in Roach, are subject to waiver. The trial court's failure to arraign Simmons on the attempted murder charge could only have rendered the resulting judgment voidable if it had been subject to a proper and timely objection. Simmons's continued silence in the face of repeated references to the attempted murder charge was tantamount to a waiver of his right to be arraigned and to enter a not guilty plea. Having failed to raise any objection, Simmons waived any such defect and the judgment of the circuit court is therefore unaffected.

The trial court's judgment is affirmed.

Affirmed.