UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Decker and O'Brien
Argued at Richmond, Virginia


VERNON EGGLESTON

v.        Record No. 1347-16-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
SEPTEMBER 12, 2017


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Joi Jeter Taylor, Judge[1]

Catherine French, Senior Appellate Coordinator (Virginia Indigent
Defense Commission, on briefs), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellee.


Vernon Eggleston appeals a ruling involving a circuit court's enforcement of a term of

post-release supervision, ordered pursuant to Code § 19.2-295.2, by imposing a term of post-release

incarceration.  On appeal, he asserts that only the Parole Board was authorized to enforce the terms

of the supervision by re-incarcerating him and that the circuit court lacked concurrent jurisdiction to

do so.  We hold that the circuit court, in sentencing the appellant for the underlying offenses,

ordered only a term of post-release supervision, not one of post-release incarceration.  Accordingly,

no suspended term of confinement was available for imposition by either body.  Consequently, we

vacate the circuit court's order imposing post-release incarceration without reaching the appellant's

claim.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Margaret P. Spencer entered the original sentencing order in this case.  Judge
Taylor entered a *nunc pro tunc* sentencing order and presided over all other post-sentencing
proceedings.

# I. BACKGROUND

In 2011, the appellant was convicted of burglary and grand larceny offenses committed earlier that year. In 2012, he was sentenced to serve a combined three years of incarceration for those offenses. "[P]ursuant to Code [§ ]19.2-295.2," the circuit court issued a sentencing order (the first order) directing that the appellant "be subject to a period of post-release supervision of [three years]." The order "suspended" that period of supervision contingent upon compliance with "terms and conditions" established by the Parole Board, as well as good behavior and various other conditions. The order did not specify any period of post-release confinement to accompany the three years of post-release supervision.

In 2013, the appellant began his three years of post-release supervision. In 2015, the appellant's probation officer issued a major violation report. Based on the appellant's failure to abide by the probation condition requiring him to obey all laws, the probation officer asked the circuit court to issue a capias to bring the appellant before the Parole Board. The court ordered the issuance of a capias to bring the appellant "before *this Court* forthwith to show cause why his previously suspended sentence(s) should not be revoked." (Emphasis added).

In January 2016, the court entered an amended sentencing order (the second order) *nunc pro tunc* to the date of the first order. The amended order clarified that following the appellant's release from his term of active incarceration, he was "subject to a period of post-release supervision of [three] years pursuant to Code [§ ]19.2-295.2" during which he was required to be of good behavior. That second order did not suspend the post-release supervision period as the original order had. It simply listed supervision as one of the terms to which the appellant was subject upon release. The second order, like the first, did not mention a period of post-release confinement to accompany the post-release supervision.

Following execution of the capias, the appellant filed a motion to dismiss the show cause, alleging that the probation officer had asked that the appellant be brought before the Parole Board rather than the court. He asserted pursuant to Code § 19.2-295.2 that only the Parole Board, not the circuit court, had jurisdiction to revoke the "suspended time." The Commonwealth opposed the motion, arguing that the circuit court retained concurrent jurisdiction. The prosecutor also represented that the Parole Board was "confused" by the sentencing order's reference to post-release "supervision" without specific reference to a "term of [additional] imprisonment" that was "suspended under post-release supervision." The prosecutor asked the court to amend the sentencing order a second time, to clarify that it had ordered a three-year term of incarceration and suspended that term subject to compliance with the three-year period of post-release supervision. The prosecutor suggested, alternatively, that "suspended time was created by operation of law under [Code §] 19.2-295.2."

The circuit court denied the appellant's motion to dismiss. It ruled that pursuant to Code § 19.2-295.2, it had "jurisdiction and authority," upon request from the Parole Board, to "conduct a hearing to determine the grounds to terminate the period of post[-]release supervision and, if appropriate, recommit the [appellant] to the Department of Corrections." The court did not address the Commonwealth's motion to amend the sentencing order a second time, and no such order was entered.

At another hearing several weeks later, the Commonwealth introduced a transcript excerpt showing that when the judge sentenced the appellant in 2012, she stated from the bench that she was "impos[ing] a period of post-release supervision -- post-release *incarceration* of three years." (Emphasis added). The 2012 transcript further reflected that the judge stated that the period was "suspend[ed] for three years" upon various conditions, including complying with supervision. Based on the content of the 2012 transcript, the prosecutor renewed her motion for

a second *nunc pro tunc* order, seeking clarification that when the appellant was originally sentenced in 2012, the court ordered not only post-release supervision but also a three-year period of suspended post-release incarceration. The appellant maintained that entry of a second *nunc pro tunc* order was not necessary and that the Parole Board had "sole authority" to revoke any suspended incarceration. The prosecutor posed the question, "[W]hat is post-release supervision without a suspended term of imprisonment[?]" The judge responded, "Right, . . . [t]hat was the [c]ourt's rationale . . . when I . . . [denied] the motion [to dismiss] earlier." Nevertheless, in an order entered on August 26, 2016, the judge explicitly denied the prosecutor's request to enter a second *nunc pro tunc* order to reflect that the court, in 2012, had pronounced and suspended a specific period of post-release incarceration.

Ruling on the merits of the show cause in the same order (the revocation order), the court found that the appellant was "in violation of the terms and conditions of his post-release supervision/incarceration," despite the absence of a sentencing order pronouncing a period of post-release incarceration. The court revoked three years of post-release incarceration but re-suspended the three years "for time served" upon various conditions, including the payment of court costs.

## II. ANALYSIS

The appellant challenges the circuit court order purporting to revoke and re-suspend three years of post-release incarceration. He contends that only the Parole Board may terminate post-release supervision ordered pursuant to Code § 19.2-295.2 and recommit a defendant to incarceration. The Commonwealth responds in part that the trial court retained concurrent authority to enforce the period of post-release supervision and re-incarcerate the appellant. We hold that the record fails to establish that a period of post-release incarceration was pronounced and, for this reason, that no suspended time was available for revocation and re-suspension.

- 4 -

Consequently, we hold that the challenged order is void, and we vacate the order without reaching the appellant's assignment of error.

## A. Standard of Review

In an appeal involving jurisdiction and statutory construction, the appellate court reviews the issue under a *de novo* standard. See, e.g., Alston v. Commonwealth, 274 Va. 759, 764, 652 S.E.2d 456, 459 (2007); Holland v. Commonwealth, 62 Va. App. 445, 451, 749 S.E.2d 206, 209 (2013). In construing statutes, "the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, [which] must be gathered from the words used." Alston, 274 Va. at 774, 652 S.E.2d at 464 (quoting Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)). If "the language of a statute is plain and unambiguous," the appellate court is "bound by the plain meaning of that statutory language." Id. at 769, 652 S.E.2d at 462 (quoting Lee Cty. v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002)). Further, when construing multiple statutes, the court must "view the entire body of legislation and the statutory scheme 'to determine the true intention of each part.'" Lamb v. Commonwealth, 40 Va. App. 52, 56, 577 S.E.2d 530, 532 (2003) (quoting McDaniel v. Commonwealth, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1957)). "It is a cardinal rule . . . that statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished." Alston, 274 Va. at 769, 652 S.E.2d at 462 (quoting Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4, 7 (1957)). Such statutes must be construed in a way that "make[s] the scheme consistent in all its parts and uniform in its operation, unless a different purpose is shown plainly or with irresistible clearness." Id. (quoting Prillaman, 199 Va. at 405, 100 S.E.2d at 7).

B. Statutory Framework

Code § 19.2-295.2, the statute at the center of this appeal, expressly operates in conjunction with Code § 18.2-10. Code § 18.2-10 provides in pertinent part as follows:

> For any felony offense committed . . . on or after July 1, 2000, [a court sentencing a defendant for a felony] shall, except in cases in which the court orders a suspended term of confinement of at least six months, impose an *additional term* of not less than six months nor more than three years, which shall be suspended conditioned upon successful completion of a period of post-release supervision pursuant to § 19.2-295.2 . . . . However, such additional term may only be imposed when the sentence includes an active term of incarceration in a correctional facility.

(Emphasis added). "[W]hen the legislature uses the same word or phrase 'in different parts of the same statute, the presumption is that it was used in the same sense throughout the statute, unless a contrary intention clearly appears.'" Finnerty v. Thornton Hall, Inc., 42 Va. App. 628, 635, 593 S.E.2d 568, 571 (2004) (quoting Bridgewater Mfg. Co. v. Funkhouser, 115 Va. 476, 480, 79 S.E. 1074, 1076 (1913)). Accordingly, implicit in the language of Code § 18.2-10 is that the required "additional term" of six months to three years refers to a term of *confinement* like the suspended "*term of confinement*" referenced earlier in the sentence. See Code § 18.2-10 (emphasis added).

Code § 19.2-295.2, in turn, provides that under the same circumstances, the court shall "impose a term of post[-]release supervision." Code §§ 18.2-10, 19.2-295.2(A). This supervision, like the term of suspended post-release incarceration, "shall not be less than six months nor more than three years," and it shall begin "upon release from the active term of incarceration." Code §§ 18.2-10, 19.2-295.2(A). The "obvious purpose" of the relevant language in Code § 19.2-295.2(A) "is to provide for a period of at least six months' supervision[,] after parole was abolished[,] for felons upon their release from active incarceration." Lamb, 40 Va. App. at 57, 577 S.E.2d at 532.

Manifestly, then, the statutory language indicates that Code §§ 18.2-10 and

19.2-295.2(A) are designed to operate together.  See Wright v. Commonwealth, 275 Va. 77, 81,

655 S.E.2d 7, 9 (2008) (analyzing the statutes together in assessing whether they apply in a case

involving a plea agreement).  In order for the post-release supervision of Code § 19.2-295.2(A)

to be effective, it must be "concurrent with a coordinate term of suspension of [post-release

confinement]" ordered pursuant to Code § 18.2-10.  See Hartless v. Commonwealth, 29 Va. App.

172, 175, 510 S.E.2d 738, 739 (1999) (applying these principles in the context of probation).

Logically, the court's "ability to revoke the suspension of a [term of confinement] and to impose

that [confinement]" is what permits it to enforce the terms of the post-release supervision.  See

id.; cf. Collins v. Commonwealth, 269 Va. 141, 145, 607 S.E.2d 719, 721 (2005) (stating that

probation and suspension of sentence are "distinct but overlapping" "concepts").

In short, the plain language of Code § 18.2-10 directs the court to impose an additional

term of confinement and to suspend it in order to effectuate the terms and conditions of

post-release supervision that the court pronounces pursuant to Code § 19.2-295.2(A).[2]

Post-release supervision, like probation, is "meaningless if no sentence remain[s] for the court to

impose if the defendant violate[s its] terms."  See Leitao v. Commonwealth, 39 Va. App. 435,

438, 573 S.E.2d 317, 319 (2002).

Significantly, the statutory scheme and related common law principles provide that the

authority to set periods of post-release confinement and supervision exists only when the court

originally pronounces sentence for the underlying offense.  Courts have "no inherent judicial power

---

[2] To the extent that Code § 19.2-295.2 might be read to imply that the "additional term" of post-release *supervision*, rather than confinement, shall be suspended, this language and any lack of clarity surrounding it does not affect the outcome of this case.  Code § 18.2-10 makes clear that a suspended term of post-release *confinement* is required.  See Wright, 275 Va. at 80-81, 655 S.E.2d at 9 (stating that Code § 18.2-10 requires a term of suspended post-release confinement and Code § 19.2-295.2 requires a term of post-release supervision).

to fix terms of imprisonment." Jones v. Commonwealth, 293 Va. 29, 49, 795 S.E.2d 705, 717 (2017) (citing Hernandez v. Commonwealth, 281 Va. 222, 225, 707 S.E.2d 273, 275 (2011)), petition for cert. filed, 85 U.S.L.W. 3556 (U.S. May 3, 2017) (No. 16-1337). To the contrary, "[t]he jurisdictional power of a Virginia trial court to issue a criminal sentence depends upon the applicable sentencing statutes" enacted by the legislature. Id. at 48, 795 S.E.2d at 716. Code § 18.2-10 lists the "authorized punishments for conviction of a felony" and expressly includes post-release confinement. See Wright, 275 Va. at 81, 655 S.E.2d at 9 (stating that the relevant provisions of Code §§ 18.2-10 and 19.2-295.2(A) "are mandatory," "comprise part of the maximum term of incarceration permitted by statute," and "are added to the term that can otherwise be imposed upon a convicted felon" (citing Alston, 274 Va. at 769-70, 652 S.E.2d at 462)); Boyd v. Commonwealth, 28 Va. App. 537, 540-41 & n.2, 507 S.E.2d 107, 109 & n.2 (1998) (stating that "'the choice of sentencing procedures is a matter for legislative determination'" and describing Code §§ 18.2-10 and 19.2-295.2 as "expressly permit[ting] the court under certain circumstances to enlarge *the sentence*" (emphasis added) (quoting Allard v. Commonwealth, 24 Va. App. 57, 67, 480 S.E.2d 139, 144 (1997))). Code § 18.2-10 also expressly states that its post-release confinement provisions operate in conjunction with "post-release supervision pursuant to § 19.2-295.2." The "unambiguous terms" of Code § 19.2-295.2(A), in turn, expressly state that the post-release supervision required by that statute must be pronounced "'at the time' [the court] imposes 'sentence upon conviction of [the] felony.'" Lamb, 40 Va. App. at 57, 577 S.E.2d at 532. Consequently, the statutory scheme makes clear that in order for a court to have jurisdiction to

impose related terms of post-release confinement and post-release supervision, it must do so at the time it pronounces sentence for the underlying felony.[3]

Under corollary principles, a sentence, once imposed, may be modified only as permitted by law. Rule 1:1 limits a circuit court's authority to alter a final order, absent some other statute or rule, to twenty-one days following the date of entry. See Hackett v. Commonwealth, 293 Va. ___, ___ & n.3, 799 S.E.2d 501, 505 & n.3 (2017). Virginia's appellate courts apply the rule "rigorously" and recognize only a few exceptions. Commonwealth v. Morris, 281 Va. 70, 77, 705 S.E.2d 503, 506 (2011) (quoting McEwen Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987)); see Patterson v. Commonwealth, 39 Va. App. 610, 619-20, 575 S.E.2d 583, 588 (2003) (noting that Code § 19.2-303 permits a court to shorten, but not lengthen, a previously imposed period of incarceration under narrowly defined circumstances). Accordingly, absent some statutory or common law exception, "Rule 1:1 and long standing case law applying that rule preclude a trial court from entering a second sentencing order altering an original sentencing order that has become final." Morris, 281 Va. at 77, 705 S.E.2d at 506 (quoting Charles v. Commonwealth, 270 Va. 14, 19, 613 S.E.2d 432, 434 (2005)).

---

[3] The parties disagree regarding whether the statutes at issue are penal in nature, requiring strict construction, or rehabilitative in nature, warranting a more liberal construction. Compare Alston v. Commonwealth, 49 Va. App. 115, 124, 637 S.E.2d 344, 348 (2006) (holding that Code § 19.2-295.2, like probation statutes, is not a penal statute and should be liberally construed), aff'd, 274 Va. 759, 769-70, 774, 652 S.E.2d 456, 461-62, 464-65 (2007) (affirming the judgment of the Court of Appeals without specifically adopting its reasoning on this point and without addressing whether the statute, which it concluded was unambiguous, should be viewed as penal or remedial), with Lamb, 40 Va. App. at 57, 577 S.E.2d at 532 (holding that Code §§ 18.2-10 and 19.2-295.2 are "both penal . . . and remedial"). We need not resolve this issue because we conclude that the relevant portions of Code §§ 18.2-10 and 19.2-295.2(A), viewed together, are unambiguous. See Paduano v. Commonwealth, 64 Va. App. 173, 182, 766 S.E.2d 745, 749 (2014) ("If a statute is not ambiguous, . . . 'the rule of lenity is not applicable to guide statutory interpretation.'" (quoting De'Armond v. Commonwealth, 51 Va. App. 26, 34, 654 S.E.2d 317, 321 (2007))).

The finality principles embodied in Rule 1:1 prevent the correction of most errors except on direct appeal. Only if an error renders an order void *ab initio*, meaning from the time of its inception due to a lack of jurisdiction over the subject matter or the parties, is it subject to collateral attack after the appeal period has expired. See, e.g., Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 221 (2013). A judgment is "void *ab initio* if 'the character of the judgment was not such as the [c]ourt had the power to render.'" Burrell v. Commonwealth, 283 Va. 474, 480, 722 S.E.2d 272, 275 (2012) (quoting Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009)). For example, a sentence is void from its inception if it is "in violation of a prescribed statutory range of punishment." Rawls, 278 Va. at 221, 683 S.E.2d at 549. However, "very few judgments are totally void." Jones, 293 Va. at 47, 795 S.E.2d at 715 (quoting John L. Costello, Virginia Criminal Law and Procedure § 62.12, at 1087 (4th ed. 2008)). Whether an error by a circuit court renders an order void *ab initio* or merely voidable turns on the key distinction "between a court lacking jurisdiction to act upon a matter and the court, while properly having jurisdiction, nonetheless erring in its judgment." Kelley, 285 Va. at 75, 737 S.E.2d at 221-22. Thus, a circuit court "has 'jurisdiction to err' just as an appellate court has jurisdiction to correct such errors." Jones, 293 Va. at 47, 795 S.E.2d at 715 (quoting Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 146 (1995)).

In light of these principles, we now review the circuit court's entry of the two sentencing orders, the second of which was entered *nunc pro tunc*; its refusal to enter a third sentencing order; and its entry of the 2016 order purporting to revoke and re-suspend a period of three years of post-release incarceration.

## C. Application

The original order sentencing the appellant references only a period of post-release supervision, rendered pursuant to Code § 19.2-295.2. The order does not pronounce a concomitant

period of suspended post-release confinement pursuant to Code § 18.2-10.[4] The circuit court, by entering a sentencing order that includes post-release supervision but not post-release confinement as required by Code § 18.2-10, erroneously failed to comply with the statutory scheme. Nevertheless, the court had jurisdiction to order the sentence because it is within the prescribed statutory range, and the court erred merely in the way that it structured the post-release component. The error, therefore, is not jurisdictional, and the sentencing order was voidable, not void *ab initio*. See Holland, 62 Va. App. at 456-57, 749 S.E.2d at 211-12. The court lacked authority more than twenty-one days after entry of the unappealed order to graft onto it a term of post-release confinement. See Rule 1:1. Consequently, regardless of whether the appellant violated the terms of his post-release supervision, the court could not impose a period of post-release confinement as a sanction for that violation because the sentencing order does not include a suspended confinement component. Cf. Robertson v. Superintendent of Wise Corr. Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994) (holding that the court lacked authority to alter the structure of a final sentencing order to require that concurrent sentences run consecutively because doing so amounted to "lengthen[ing] the period of incarceration" in violation of Code § 19.2-303 and Rule 1:1); Wilson v. Commonwealth, 67 Va. App. 82, 93-94, 793 S.E.2d 15, 20-21 (2016) (reversing a circuit court decision to extend probation supervision after the statutory period in which to do so had expired because the court lacked jurisdiction).

The parties urge us to conclude that the sentencing court's express imposition of a term of post-release supervision created a term of post-release confinement by operation of law. However, despite the commonsense appeal of this argument, the plain language of the statutory scheme belies it. Code § 18.2-10 expressly provides that the circuit court "shall . . . impose an additional term [of

_____

[4] We need not decide whether entry of the second sentencing order was valid under Rule 1:1 because neither the first nor the second sentencing order provides for a period of suspended post-release *confinement*.

- 11 -

confinement]" that "shall be suspended conditioned upon successful completion" of "post-release supervision pursuant to § 19.2-295.2." Supervision and confinement are primarily addressed in separate statutes, and although the statutes include a mandatory duty on the court to impose such terms, the court had the power to err, and nothing in the statutory language suggests that the express pronouncement of a period of supervision also automatically creates a period of suspended post-release incarceration.

Additionally, from a practical perspective, such an approach is untenable because the statutory scheme does not provide a set length for any implicit term of post-release confinement. Separate statutes provide for the court to set each period within a range of six months to three years. See Code §§ 18.2-10, 19.2-295.2(A). Nothing requires that the period of post-release supervision and suspended post-release confinement be of the same length. If the circuit court pronounces only a period of post-release supervision, the record contains nothing to indicate the length of any claimed period of implicit post-release confinement. Cf. Carbaugh v. Commonwealth, 19 Va. App. 119, 126-27, 449 S.E.2d 264, 268 (1994) (noting that a court entering a sentencing order under Code § 19.2-306 should "clearly state the respective period[s]" of suspension and probation because they "may be fixed at different intervals to accomplish different goals"). Consequently, without the specific pronouncement of a term of suspended post-release confinement pursuant to Code § 18.2-10, the circuit court lacked authority to add an additional period of incarceration to enforce the period of post-release supervision because such action would constitute an impermissible lengthening of the sentence after the order had become final. To the extent that the court interpreted the sentencing order to contain a period of suspended post-release confinement implicitly or by operation of law, that interpretation was erroneous. See Roe v. Commonwealth, 271 Va. 453, 457-58, 628 S.E.2d 526, 528 (2006) (recognizing that "circuit courts have the authority to interpret their own orders" as long as their "interpretation [is] reasonable" and not an abuse of discretion).

The appellant further argues that the circuit court judge, in sentencing him in 2012, expressly stated from the bench that she was imposing a period of post-release incarceration and that this Court should consider her statement, memorialized in the transcript of the sentencing hearing, in determining the outcome of his appeal. On the procedural posture of this case, we cannot do so.

General principles provide that "[a] court speaks through its orders" and "those orders are presumed to accurately reflect what transpired." Simmons v. Commonwealth, 54 Va. App. 594, 599, 681 S.E.2d 56, 58 (2009) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997)). Nevertheless, when construing "an order of a lower court that does not conflict with the transcript" of the proceedings, a reviewing appellate court "may consider the lower court's statements from the bench to determine what construction [the] lower court has placed on its own order." Shelton v. Commonwealth, 66 Va. App. 1, 6, 781 S.E.2d 750, 752 (2016) (quoting Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008)). The reviewing appellate court is "not restricted to the precise, technical wording of a [circuit] court's order *when other evidence in the record clearly establishes that the court had a different intent*." Simmons, 54 Va. App. at 599, 681 S.E.2d at 58 (emphasis added) (quoting McBride, 24 Va. App. at 36, 480 S.E.2d at 129).

Here, the judge stated from the bench at the sentencing hearing that she was imposing "a period of post-release supervision -- post-release incarceration of three years." The appellant argues that the court's order does not conflict with the transcript and that this Court should rely on the transcript in determining the meaning of the sentencing order. In this case, however, the circuit court was specifically asked to enter a second *nunc pro tunc* sentencing order, which would have been the third order in the series, to reflect that it imposed periods of both post-release supervision and suspended post-release incarceration. See Code § 8.01-428(B) (permitting a trial court, under

- 13 -

certain circumstances, to correct clerical errors in the record); Jefferson v. Commonwealth, 269 Va. 136, 139-40, 607 S.E.2d 107, 109-10 (2005) (applying Code § 8.01-428(B) to enter a *nunc pro tunc* order correcting an error in the pronouncement of a sentence "so that [the order] sp[oke] the truth" and reflected "judicial action that [was] actually . . . taken"). The circuit court expressly declined to enter such an order. On this procedural posture, which implicates the circuit court's jurisdiction to act, we are unable to conclude that "evidence in the record clearly establishes that the [circuit] court had a different intent" than that expressly stated in the sentencing order and to construe the order to include a specific term of suspended post-release confinement. See Simmons, 54 Va. App. at 599, 681 S.E.2d at 58 (quoting McBride, 24 Va. App. at 36, 480 S.E.2d at 129); see also Robertson, 248 Va. at 235-36 & n.*, 445 S.E.2d at 117-18 & n.* (applying the principle that a court speaks through its written orders and refusing the Attorney General's request to consider the sentencing transcripts to determine which of several sentences the court intended to run concurrently).

For these reasons, we must hold that the revocation order was void *ab initio* due to the absence of any period of suspended post-release incarceration available for imposition in that order.[5]

### III. CONCLUSION

Based on the record, we conclude that the circuit court, in sentencing the appellant for the underlying offenses, ordered only a term of post-release supervision, not one of post-release confinement. Accordingly, applying applicable legal principles, we hold that no suspended term of confinement was available for use in enforcing the supervision.[6] Consequently, we vacate the

---

[5] Under settled principles, a question regarding jurisdiction "can be raised at any time . . . , even for the first time on appeal by the court *sua sponte*." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 427 (2008) (quoting Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990)). A court "always has jurisdiction to determine whether it has subject matter jurisdiction." Id. (quoting Morrison, 239 Va. at 170, 387 S.E.2d at 755).

[6] In light of this ruling, we do not reach the Commonwealth's claim of mootness.

circuit court's order imposing post-release incarceration without considering the appellant's assignment of error.

<u>Vacated.</u>