COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present: Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


RICHARD ALVIN OTEY

v.      Record No. 2439-11-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE STEPHEN R. McCULLOUGH
DECEMBER 26, 2012


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
David H. Beck, Judge

Joseph E. Hicks (Jarrell, Hicks & Waldman, P.C., on brief), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Richard Alvin Otey was stopped for driving with a defective brake light. The stop led to

the discovery of illegal drugs. He challenges the validity of the stop, contending that the stop

was not justified because, as a matter of law, his brake light was not defective. We disagree and

affirm.[1]

BACKGROUND

On April 15, 2011, Deputy D.J. Hart of the Spotsylvania County Sheriff's Office was

conducting surveillance of a suspect vehicle driven by appellant. As he drove closer to

appellant's car, Deputy Hart noticed that "a portion of the third brake light, the high mount brake

light, was out." This particular brake light had "two lights in it," and Deputy Hart testified,

---

[1] This is not the first time we have been presented with this issue. On two prior
occasions, albeit in unpublished opinions, we reached the same conclusion that we do here. See
Commonwealth v. Gaskins, No. 0101-11-4, 2011 Va. App. LEXIS 180 (Va. Ct. App. May 24,
2011); Ragland v. Commonwealth, No. 1036-96-2, 1997 Va. App. LEXIS 109 (Va. Ct. App.
Feb. 18, 1997).

"one-half of that light was out." Based on this fact, Deputy Hart made a traffic stop. On cross-examination, Deputy Hart acknowledged that he was able to see the brake lights illuminate. He could not determine with certainty the distance between his vehicle and appellant's, but he stated that the two vehicles could have been separated by 500 feet.

As he approached the vehicle, Deputy Hart noticed "a strong and distinct odor of fresh marijuana coming from inside the vehicle." When asked about the odor, Otey admitted that there was a bag of marijuana in the center console. Deputy Hart seized the bag, as well as a digital scale located under the driver's seat. Otey admitted to possessing two additional bags in his pockets. Otey later stated that he was "fronted" the marijuana, meaning that he would sell it and then reimburse his supplier with the proceeds from the sales.

Otey moved to suppress the evidence seized following the traffic stop, arguing that the stop was improper. The trial court denied the motion, reasoning that the stop was justified based on the defective brake light. Otey was convicted of possession of marijuana with intent to distribute and sentenced to serve three years in prison, with all but 60 days suspended.

## ANALYSIS

When this Court reviews a trial court's ruling on a motion to suppress, "'the burden is upon [the losing party] to show that the ruling, when the evidence is considered most favorably to the [prevailing party], constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). Although the facts here are not in dispute, we view the evidence in the light most favorable to the prevailing party. Branham v. Commonwealth, 283 Va. 273, 279, 720 S.E.2d 74, 77 (2012).

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. An officer's stop of a vehicle is reasonable under

the Fourth Amendment if the officer possesses at least articulable and reasonable suspicion that the vehicle is in violation of a statute or regulation governing the vehicle's equipment. Delaware v. Prouse, 440 U.S. 648, 663 (1979). See also McCain v. Commonwealth, 275 Va. 546, 553, 659 S.E.2d 512, 516 (2008) ("An officer may effect a traffic stop when he has reasonable suspicion to believe a traffic or equipment violation has occurred."). If the search violates the suspect's Fourth Amendment rights, exclusion of the illegally seized evidence generally constitutes the remedy. See Davis v. United States, 131 S. Ct. 2419, 2423 (2011).

The issue before us pivots on a question of statutory construction, namely, the meaning of the term "defective" in Code § 46.2-1003. "Statutory interpretation presents a pure question of law and is accordingly subject to *de novo* review by this Court." Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006).

Code § 46.2-1003 makes it "unlawful for any person to use or have as equipment on a motor vehicle operated on a highway any device or equipment mentioned in § 46.2-1002 which is defective or in unsafe condition." In turn, Code § 46.2-1002 mentions "lighting device[s], warning device[s], signal device[s], safety glass, [and] other equipment for which approval is required by any provision of this chapter . . . ."[2] Finally, Code § 46.2-1014.1 requires automobiles to "be equipped with a supplemental center high mount stop light of a type approved by the Superintendent or which meets the standards adopted by the United States Department of Transportation."

Appellant argues that Deputy Hart's stop was based on a mistaken reading of the law. He contends that Code § 46.2-1014 supplies the standard for what constitutes a "defective" brake light. Code § 46.2-1014 provides in relevant part that

---

[2] The Superintendent of the State Police is the person who is tasked with providing this approval. See Code §§ 46.2-1005 and 46.2-1002.

- 3 -

> Every motor vehicle . . . except an antique vehicle not originally equipped with a brake light, registered in the Commonwealth and operated on the highways in the Commonwealth shall be equipped with at least two brake lights of a type approved by the Superintendent. Such brake lights shall automatically exhibit a red or amber light plainly visible in clear weather from a distance of 500 feet to the rear of such vehicle when the brake is applied.

Appellant reasons that his brake light was not defective because it was visible from 500 feet.

"Ordinarily, when a particular word in a statute is not defined therein, a court must give it its ordinary meaning." Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (*en banc*) (citing McKeon v. Commonwealth, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970)). The plain, ordinary meaning of the term "defective" is straightforward. A brake light is "defective" if it is "faulty, deficient." Webster's Third New International Dictionary 591 (1981). A brake light that lights up by only half is faulty and deficient, just as an engine that sputters and lurches is defective, even if it works well enough to enable the driver to reach his destination. We adopt the plain language reading of the term "defective."

In addition, Code § 46.2-1003 is codified among the provisions regulating "vehicle and equipment safety." As we noted in Ragland v. Commonwealth, No. 1036-96-2, 1997 Va. App. LEXIS 109 (Va. Ct. App. Feb. 18, 1997),[3] this provision

> does more than set a minimum standard; it regulates the maintenance of devices or equipment used on a vehicle. In particular, Code § 46.2-1003 prohibits the use on a vehicle of *any* equipment mentioned in Code § 46.2-1002 that is either unsafe or defective, whether or not this equipment exceeds the minimum requirements set forth elsewhere in the Code. Thus, the apparent intent of Code § 46.2-1003 is to compel automobile owners to repair or replace any of their vehicle's equipment that falls into a defective or unsafe condition.

---

[3] Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f).

<u>Id.</u> at *6-*7.  Appellant's attempt to harmonize Code § 46.2-1003 and Code § 46.2-1014 would have "the effect of eviscerating the impact of Code § 46.2-1003 because it would create an entire class of equipment that may be legally used on a vehicle in an unsafe or defective condition simply because the equipment is in excess of the Code's minimum requirements."  <u>Id.</u> at *7.  We decline to "construe these two provisions to achieve such an unwarranted result."  <u>Id.</u>

Moreover, reading Code § 46.2-1003 in the manner argued by appellant – that a brake light is defective only if it is not visible from 500 feet – would render superfluous and redundant the language in Code § 46.2-1003 prohibiting defective equipment.  Under appellant's suggested reading, Code § 46.2-1003 would simply repeat the requirements already set forth in Code § 46.2-1014.  Basic canons of statutory construction proscribe interpreting statutes in a way that renders statutory language superfluous.  <u>See, e.g.</u>, <u>Zhou v. Zhou</u>, 38 Va. App. 126, 136-37, 562 S.E.2d 336, 340-41 (2002).

We also note that under the Virginia Administrative Code, a vehicle will not pass inspection if a vehicle's rear light assembly "does not work as designed by the manufacturer," if all rear lamps "are not in operating condition" and where a lamp's "filaments do not burn." 19 VAC § 30-70-150(1), (2), (10).[4]  It certainly would be odd for a vehicle's malfunctioning rear light to cause the vehicle to fail the state inspection but at the same time not be "defective."[5]

Finally, appellant makes a policy argument in support of reversal, contending that a stop such as this one is "unduly burdensome to the driver."  Appellant's Br. at 12.  Our role as a

---

[4] This same regulation provides that "[f]or those vehicles that are equipped with a multiple LED light (not filament-burning bulbs), they will pass inspection if more than 50% of the diode lights are burning."  19 VAC § 30-70-150(5).

[5] Only "device[s] [and] equipment mentioned in § 46.2-1002" are required to be kept in a non-defective condition under Code § 46.2-1003.  As a result, assuming that some non-functioning *optional* equipment would cause a vehicle to fail state inspection, such defective optional equipment would not justify a stop under Code § 46.2-1003.

reviewing court is to determine whether the stop conformed to the law. The legislature certainly may choose to constrain the discretion exercised by law enforcement officers in particular contexts beyond the requirements of the Fourth Amendment. That policy decision, however, is for the legislature to make.[6]

Deputy Hart's stop of appellant's vehicle was based on a reasonable, articulable suspicion that appellant's vehicle had defective equipment. Therefore, the trial court correctly denied appellant's motion to suppress.

CONCLUSION

The judgment of the trial court is affirmed.

Affirmed.

---

[6] We note that officers are directed, subject to limited exceptions, to issue a summons rather than effectuate an arrest for traffic infractions, and traffic infractions are defined to include equipment violations. See Code §§ 19.2-74, 46.2-937, 46.2-100, and 46.2-113.