COURT OF APPEALS OF VIRGINIA

Present:  Judges Alston, McCullough and Senior Judge Clements
Argued by teleconference


ALFRED GILLIAM, JR.

MEMORANDUM OPINION* BY
v.      Record No. 1254-12-1        JUDGE ROSSIE D. ALSTON, JR.
                                    MAY 27, 2014

COMMONWEALTH OF VIRGINIA


UPON A REHEARING

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

J. Barry McCracken, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.


Alfred Gilliam, Jr. (appellant) appeals his convictions for burglary in violation of Code

§ 18.2-91, possession of burglarious tools in violation of Code § 18.2-94, petit larceny third or

subsequent offense, in violation of Code §§ 18.2-96 and -104, and damage of property over

$1,000 in violation of Code § 18.2-137.  On appeal, appellant alleges that the trial court "erred in

admitting hearsay testimony as to the cost of repairs to correct damage to the house, such

testimony being offered for the truth of the assertion and not being otherwise admissible under

any recognized exception to the hearsay rule."

We issued a memorandum opinion in this case on December 3, 2013, holding that the

testimony as to the cost of repairs to correct the damage to the house was inadmissible hearsay

and, therefore, we reversed appellant's conviction for damage of property over $1,000 in

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

violation of Code § 18.2-137. We remanded the matter to the trial court for a new trial on the lesser-included offense of misdemeanor property damage, should the Commonwealth be so advised. The Commonwealth filed a petition for a rehearing or, in the alternative, for rehearing *en banc*, arguing that the panel erred by limiting a retrial to the lesser-included offense of misdemeanor property damage in light of the enactment of Code § 19.2-324.1. The panel granted a rehearing and stayed its December 3, 2013 decision.

## I. Background[1]

Gene Gillespie was the caretaker of the subject property located at 1742 Willow Drive in Norfolk, Virginia in 2012 ("the property"). Gillespie went by the property, owned by Norfolk Collegiate School, as part of his regular daily routine. On February 7, 2012, Gillespie visited the property and did not notice anything out of the ordinary or missing. There were no repairs being done to the house at the time and therefore no tools or workers were on the premises. On February 8, 2012, a concerned neighbor called the police to report an apparent burglary at the property. Officers Apollo Lopez and Michael Evens responded to the scene and called for backup. Officer John Torres, a K-9 unit officer, also responded. When the officers entered the property they found appellant standing on top of a toilet in one of the bathrooms. The officers then observed a bag of tools and copper and saw that the hot water heater had been removed. The officers arrested appellant at that time. After appellant's arrest, Norfolk detective Kevin Barnes arrived at the property and went through the house. Detective Barnes noted that the front door had been kicked in, the hot water heater had been removed, and observed two bags filled with various tools, copper piping, and some clothing in the house.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

- 2 -

A grand jury indicted appellant for burglary in violation of Code § 18.2-91, possession of burglarious tools in violation of Code § 18.2-94, grand larceny in violation of Code § 18.2-95, petit larceny, third or subsequent offense, in violation of Code §§ 18.2-96 and -104, and damage of property over $1,000 in violation of Code § 18.2-137.  A bench trial commenced on May 2, 2012, during which the Commonwealth called Gillespie to testify to the cost of repairs to the property.  On direct examination, Gillespie testified that the cost of repairs to the property was $3,000; however he did not then testify how he knew the cost of those repairs.  When questioned further on cross-examination, Gillespie testified as follows:

> Q      You didn't over see it yourself.  Someone else did?
>
> A      The repairs?
>
> Q      Right.
>
> A      I get calls of what repairs need to be done, but the management company oversees them.
>
> Q      Okay.  So you're just telling us what you were told about the repairs?
>
> A      I'm telling you what I saw that was broken, and that actually meshes with what the management company said needed to be repaired.

At that time, appellant's counsel objected to the testimony on direct as to the $3,000 cost of repairs arguing "[w]hen [Gillespie] said it [on direct], it didn't sound like hearsay, but when he said it now, it is hearsay."  The trial court overruled the objection and found appellant guilty of burglary, possession of burglarious tools, petit larceny third or subsequent offense, and damage of property over $1,000 on May 21, 2012.[2]

Appellant noted his appeal on July 12, 2012.  On July 24, 2012, the trial court sentenced appellant to five years' imprisonment for burglary and suspended imposition of a sentence of ten

---

[2] The trial court *nolle prosequied* the grand larceny charge on the Commonwealth's motion.

years for possession of burglary tools, petit larceny third or subsequent offense, and damage to property over $1,000.[3] On December 3, 2013, the panel issued its memorandum opinion holding the evidence of repairs was improperly admitted hearsay and remanding the matter for a retrial on the lesser-included offense of misdemeanor property damage. The Commonwealth filed a petition for a rehearing, which the panel granted and, accordingly, the panel stayed its December 3, 2013 decision.

Having reconsidered our earlier decision, we reaffirm our holding that the trial court erred in admitting hearsay testimony as to the cost of repairs. However, we vacate the portion of our earlier opinion remanding the matter for retrial only on the lesser-included offense of misdemeanor property damage.

## II. Analysis

On appeal, appellant argues that the trial court erred in admitting hearsay testimony as to the cost of repairs for damage to the property because Gillespie did not have personal knowledge of the cost of repairs and his testimony as to what the management company told him regarding the cost was not admissible under any recognized exception to the hearsay rule.

## A. Preservation of Issue for Appeal

As a preliminary matter, the Commonwealth argues that appellant did not properly preserve his hearsay objection on appeal because he did not timely object to Gillespie's testimony as to the cost of repairs. Rule 5A:18 provides: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. . . ."

---

[3] The sequence of dates noting when the appellant noted his appeal and when the trial court entered the sentencing order is stated correctly and is of no significance to the resolution of the matters presented.

> As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal. Not just any objection will do. It must be both *specific* and *timely* - so that the trial judge would know the particular point being made in time to do something about it.

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

The main purpose of requiring timely, specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. "'To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made.'" Kovalaske v. Commonwealth, 56 Va. App. 224, 229, 692 S.E.2d 641, 644 (2010) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). However, "[i]n some instances it will not be immediately apparent that the evidence is inadmissible or is being offered for an improper purpose. In such circumstances, an objection is timely if made as soon as the grounds for objection become apparent." Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 2-3[b] (7th ed. 2012). "[I]t has been held that – if the objectionable nature of the evidence is not immediately obvious – the objection is still considered timely if it is made 'as soon as the dangerous drift of the examination becomes apparent.'" Id. at § 2-2[b] (quoting Weimer v. Commonwealth, 5 Va. App. 47, 57, 360 S.E.2d 381, 386 (1987)); see also Bitar v. Rahman, 272 Va. 130, 140, 630 S.E.2d 319, 324-25 (2006)).

In Vasquez v. Mabini, 269 Va. 155, 158, 606 S.E.2d 809, 810 (2005), the plaintiff brought a wrongful death suit against the defendants for the death of Tamara Mabini, the plaintiff's wife. At trial, the plaintiff presented the testimony of Richard B. Edelman, about the expected loss of income and economic value of the loss of the decedent's services, protection, care, and assistance. Id. at 159, 606 S.E.2d at 811. Edelman testified as to the decedent's lost income and benefits based on the assumption that the decedent would have found full-time

employment the day after the accident that killed her at the rate of $8/hour, despite the fact that she had been working part-time for $8/hour for the three months preceding the accident and seeking full-time work. Id.

The defendants objected to these and other assumptions by Edelman, and the trial court overruled their objections. Following a verdict for the plaintiff, the defendants appealed. On appeal, the plaintiff argued that the defendants waived any objection to Edelman's testimony because they did not timely object prior to trial pursuant to the court's scheduling order. Id. at 161, 606 S.E.2d at 812. The Supreme Court of Virginia held that the defendants' failure to file pre-trial objections to Edelman's proposed testimony did not constitute a waiver because the summary of Edelman's testimony filed by plaintiff did not contain the specifics of his testimony and would not have given the defendants any reason to object. Id. The Court further found that the plaintiff's direct examination of Edelman did not reveal his reliance upon the unsupported assumptions that underlay his opinion; cross-examination was necessary to bring these matters to light. After a brief redirect, the defendants moved to strike Edelman's testimony. Id. at 162, 606 S.E.2d at 813. The Court held that under the circumstances, the defendants did not waive their objection to Edelman's testimony because at the first opportunity, after the flaws in the expert testimony had become apparent on cross-examination, the defendants moved to strike it. Id. at 162-63, 606 S.E.2d at 813.

Similarly in the case at bar, given the circumstances of Gillespie's testimony, appellant's objection was timely. On direct examination, Gillespie did not then testify as to how he knew the total cost of repairs would be $3,000. At that time, it was not reasonably foreseeable to appellant that Gillespie's testimony might qualify as inadmissible hearsay. It was not clear until cross-examination that Gillespie's testimony as to the cost of repairs was partially based on information received from the property management company. Once it became evident that

Gillespie based his testimony on information provided to him by the property management company, appellant's counsel promptly objected. Therefore, based on the circumstances of this case and the manner in which the testimony was elicited, we hold that appellant's objection claiming Gillespie's testimony was hearsay was timely and the issue properly preserved for this appeal.

## B. Standard of Review

"Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Crews v. Commonwealth, 18 Va. App. 115, 117, 442 S.E.2d 407, 408 (1994). "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Id. at 118, 442 S.E.2d at 409 (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

## C. Admissibility of Gillespie's Testimony as to Cost of Repairs

We hold that Gillespie's testimony as to the cost of repairs to the property constituted inadmissible hearsay.

Hearsay is "'testimony given by a witness who relates not what he knows personally, but what others have told him or what he has heard said by others. '" Bowman v. Commonwealth, 28 Va. App. 204, 209, 503 S.E.2d 241, 243 (1998) (quoting Cross v. Commonwealth, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953)). "'Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Tatum v. Commonwealth, 17 Va. App. 585, 588, 440 S.E.2d 133, 135 (1994) (quoting Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977)). "Determining whether a statement is offered to prove the truth or falsity of the matter asserted

- 7 -

requires an analysis of the purpose for which the statement is offered into evidence." Swain v. Commonwealth, 28 Va. App. 555, 559, 507 S.E.2d 116, 118 (1998).

A person familiar with property can estimate its value. Walls v. Commonwealth, 248 Va. 480, 483, 450 S.E.2d 363, 365 (1994) ("[T]he general rule is that opinion testimony of a nonexpert, who is not the owner of the personal property in question, is admissible upon the subject of property value, provided the witness possesses sufficient knowledge of the value of the property or has had ample opportunity for forming a correct opinion as to value."); see also Burton v. Commonwealth, 58 Va. App. 274, 282, 708 S.E.2d 444, 448 (2011). This rule does not, however, dispose of the requirement that a person testify based on his personal knowledge and not on hearsay information provided by a third party.

In the present case, while Gillespie had personal knowledge of the damage done to the property, he did not have personal knowledge of the cost to repair that damage. Rather, he testified that the information as to the cost of the repairs was entirely based upon the amount provided to him by the property management company. Further, the record does not indicate that Gillespie, as the property's caretaker, paid for the repairs on behalf of his employer, and on that basis acquired personal knowledge of the cost of the repairs. Thus, his observation of the damage to the property corroborated the $3,000 figure; however it did not provide an independent basis for the cost of repairs. In short, his testimony concerning what the management company told him constitutes an out-of-court statement offered for the truth of the matter asserted.

We addressed a similar situation in an unpublished opinion, Brown v. Commonwealth, No. 2825-07-1, 2009 Va. App. LEXIS 30 (Va. Ct. App. Jan. 27, 2009).[4] In Brown, the defendant

---

[4] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350, 735 S.E.2d 255, 257 (2012) (citing Rule 5A:1(f)).

damaged but did not total Ms. Washington's vehicle. Id. at *2-3. Ms. Washington testified that the cost to repair her vehicle was $1,600, based on an estimate from a repair shop. Id. at *4. The defendant objected to that testimony as hearsay and later moved to strike the Commonwealth's evidence. Id. Ms. Washington's testimony was the Commonwealth's only evidence of damages. Id. at *9-10. The trial court denied the defendant's motion to strike and found the defendant guilty of felony destruction of property in violation of Code § 18.2-137. Id. at *1.

On appeal we noted that, while Ms. Washington was competent to testify as to the value of the truck, because her vehicle was merely damaged and not totaled, the Commonwealth had the burden of proving the fair market cost of repair. Id. at *11 (citing Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997)). However, "Ms. Washington did not offer her own opinion as to the fair market cost of repair. She merely repeated the out-of-court estimate that an unidentified repair shop reportedly gave to her." Id. Therefore, the Court went on to examine "whether the rule allowing lay opinion testimony by a property owner as to the value of the owner's property allows an owner to give secondhand testimony of the amount of a specific repair estimate by an out-of-court declarant over the defendant's hearsay objection." Id. at *12. The issue was at the time the Court decided Brown, and remains, a question of first impression in Virginia. Id.

The Court held that Ms. Washington's testimony was inadmissible hearsay and reversed and remanded the defendant's conviction due to insufficient evidence of damages. Id. at *17. In support of its conclusion, Brown discussed the statutory exception to the hearsay rule for affidavits estimating the cost of repairing the damage to motor vehicles, applicable only in civil cases. Id. at *12-13 (citing Code § 8.01-416(A)). The Court reasoned that the statutory exception would not be necessary if the legislature understood the rule allowing an owner's testimony as to the value of property to mean that an owner could testify as to the estimated cost

of repairs for property based upon estimates provided by third parties. Id. at *14. Further, the Court noted that it "would be inconsistent with our traditional maintenance of standards for the admission of evidence in criminal cases" to admit hearsay testimony in a criminal case which would be inadmissible in a civil case absent compliance with Code § 8.01-416(A). Id.

We find the Court's rationale in Brown persuasive. Because Gillespie's testimony as to the cost of repairs to the property was based on inadmissible hearsay, we reverse appellant's conviction for property damage over $1,000, and remand for a new trial, should the Commonwealth be so advised. We do not limit the remand to a new trial on the lesser-included offense of misdemeanor property damage as provided in our December 3, 2013 decision. Code § 19.2-324.1,[5] effective July 1, 2013, addresses the prospective disposition of this case, and any discussion of Rushing v. Commonwealth, 284 Va. 270, 726 S.E.2d 333 (2012), is resolved by its enactment.

Appellant assigned error to both the admissibility of the cost of repairs and the sufficiency of the evidence to support his conviction in his initial petition for appeal. However, a judge of this Court denied both assignments of error, and appellant only requested reconsideration of assignment of error I, the admissibility issue, by a three-judge panel. Once the three-judge panel granted appellant's appeal, appellant only listed and argued the admissibility issue on brief. Thus, the sole issue before this panel was the *admissibility* of the evidence and

---

[5] Code § 19.2-324.1 provides:

> In appeals to the Court of Appeals or the Supreme Court, when a challenge to a conviction rests on a claim that the evidence was insufficient because the trial court improperly admitted evidence, the reviewing court shall consider all evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction. If the reviewing court determines that evidence was erroneously admitted and that such error was not harmless, the case shall be remanded for a new trial if the Commonwealth elects to have a new trial.

- 10 -

not the *sufficiency* thereof to support appellant's conviction. <u>See</u> Rule 5A:20; <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Consequently, <u>Rushing</u> does not apply and even if it did, the aspect upon which appellant relies was reversed by Code § 19.2-324.1.

Appellant next claims that it is error to apply Code § 19.2-324.1 retroactively. We note that application of Code § 19.2-324.1 in this case does not implicate retroactivity concerns. Code § 19.2-324.1 directs appellate courts to remand a case for a new trial if it determines that evidence was admitted erroneously and such error was not harmless. Our review and disposition of this case occurred after Code § 19.2-324.1 became effective.

For these reasons, we reverse appellant's conviction for property damage over $1,000, remand for a new trial, should the Commonwealth be so advised, and vacate the portion of our December 3, 2013 decision remanding the matter for retrial only on the lesser-included offense of misdemeanor property damage.

<u>Reversed and remanded.</u>

*VIRGINIA:*

UNPUBLISHED

*In the Court of Appeals of Virginia on* **Tuesday** *the* **7th** *day of* **January, 2014**.

Alfred Gilliam, Jr., Appellant,

against      Record No. 1254-12-1
                     Circuit Court Nos. CR12000878-00, CR12000878-01, CR12000878-03
                         and CR12000878-04

Commonwealth of Virginia, Appellee.

Upon a Petition for Rehearing

Before Judges Alston, McCullough and Senior Judge Clements

On December 17, 2013 came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on December 3, 2013, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the mandate entered herein on December 3, 2013 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

Pursuant to Rule 5A:35(a), the respondent may file an answering brief within 21 days of the date of entry of this order.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:    *original order signed by a deputy clerk of the*
       *Court of Appeals of Virginia at the direction*
       *of the Court*

Deputy Clerk

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

ALFRED GILLIAM, JR.

v.      Record No. 1254-12-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSSIE D. ALSTON, JR.
DECEMBER 3, 2013

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

J. Barry McCracken, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.

Alfred Gilliam, Jr. (appellant) appeals his convictions for burglary in violation of Code

§ 18.2-91, possession of burglarious tools in violation of Code § 18.2-94, petit larceny third or

subsequent offense, in violation of Code §§ 18.2-96 and -104, and damage of property over

$1,000 in violation of Code § 18.2-137.  On appeal, appellant alleges that the trial court "erred in

admitting hearsay testimony as to the cost of repairs to correct damage to the house, such

testimony being offered for the truth of the assertion and not being otherwise admissible under

any recognized exception to the hearsay rule."  We hold that the testimony as to the cost of

repairs to correct the damage to the house was inadmissible hearsay and therefore, we reverse

appellant's conviction for damage of property over $1,000 in violation of Code § 18.2-137 and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

remand to the trial court for a new trial on misdemeanor property damage, should the Commonwealth be so advised.

## I. Background[1]

Gene Gillespie was the caretaker of the subject property located at 1742 Willow Drive in Norfolk, Virginia in 2012 ("the property"). Gillespie went by the property, owned by Norfolk Collegiate School, as part of his regular daily routine. On February 7, 2012, Gillespie visited the property and did not notice anything out of the ordinary or missing. There were no repairs being done to the house at the time and therefore no tools or workers were on the premises. On February 8, 2012, a concerned neighbor called the police to report an apparent burglary at the property. Officers Apollo Lopez and Michael Evens responded to the scene and called for backup. Officer John Torres, a K-9 unit officer also responded. When the officers entered the property they found appellant standing on top of a toilet in one of the bathrooms. The officers then observed a bag of tools and copper and saw that the hot water heater had been removed. The officers arrested appellant at that time. After appellant's arrest, Norfolk detective Kevin Barnes arrived at the property and went through the house. Detective Barnes noted that the front door had been kicked in, the hot water heater had been removed, and observed two bags filled with various tools, copper piping, and some clothing in the house.

A grand jury indicted appellant for burglary in violation of Code § 18.2-91, possession of burglarious tools in violation of Code § 18.2-94, grand larceny in violation of Code § 18.2-95, petit larceny, third or subsequent offense, in violation of Code §§ 18.2-96 and -104, and damage of property over $1,000 in violation of Code § 18.2-137. A bench trial commenced on May 2, 2012, during which the Commonwealth called Gillespie to testify to the cost of repairs to the

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

property.  On direct examination, Gillespie testified that the cost of repairs to the property was $3,000; however he did not then testify how he knew the costs of those repairs.  When questioned further on cross-examination, Gillespie testified as follows:

> Q    You didn't over see it yourself.  Someone else did?
>
> A    The repairs?
>
> Q    Right.
>
> A    I get calls of what repairs need to be done, but the management company oversees them.
>
> Q    Okay.  So you're just telling us what you were told about the repairs?
>
> A    I'm telling you what I saw that was broken, and that actually meshes with what the management company said needed to be repaired.

At that time, appellant's counsel objected to the testimony on direct as to the $3,000 costs of repairs arguing "[w]hen [Gillespie] said it [on direct], it didn't sound like hearsay, but when he said it now, it is hearsay."  The trial court overruled the objection and found appellant guilty of burglary, possession of burglarious tools, petit larceny third offense, and damage of property over $1,000 on May 21, 2012.[2]

Appellant noted his appeal on July 12, 2012.  On July 24, 2012, the trial court sentenced appellant to five years' imprisonment for burglary and suspended imposition of a sentence for ten years for possession of burglary tools, petit larceny third offense, and damage to property over $1,000.[3]  This appeal followed.

---

[2] The trial court *nolle prosequied* the grand larceny charge on the Commonwealth's motion.

[3] The sequence of dates noting when the appellant noted his appeal and when the trial court entered the sentencing order is stated correctly and is of no significance to the resolution of the matters presented.

II. Analysis

On appeal, appellant argues that the trial court erred in admitting hearsay testimony as to the cost of repairs for damage to the property because Gillespie did not have personal knowledge of the cost of repairs and his testimony as to what the management company told him regarding the cost was not admissible under any recognized exception to the hearsay rule.

A. Preservation of Issue for Appeal

As a preliminary matter, the Commonwealth argues that appellant did not properly preserve his hearsay objection on appeal because he did not timely object to Gillespie's testimony as to the cost of repairs. Rule 5A:18 provides: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. . . ."

> As a precondition to appellate review, Rule 5A:18 requires a
> contemporaneous objection in the trial court to preserve the issue
> on appeal. Not just any objection will do. It must be both *specific*
> and *timely* - so that the trial judge would know the particular point
> being made in time to do something about it.

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

The main purpose of requiring timely, specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. "'To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made.'" Kovalaske v. Commonwealth, 56 Va. App. 224, 229, 692 S.E.2d 641, 644 (2010) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). However, "[i]n some instances it will not be immediately apparent that the evidence is inadmissible or is being offered for an improper purpose. In such circumstances,

an objection is timely if made as soon as the grounds for objection become apparent." Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 2-3[b] (7th ed. 2012). "[I]t has been held that – if the objectionable nature of the evidence is not immediately obvious – the objection is still considered timely if it is made 'as soon as the dangerous drift of the examination becomes apparent.'" Id. at § 2-2[b] (quoting Weimer v. Commonwealth, 5 Va. App. 47, 57, 360 S.E.2d 381, 386 (1987)); see also Bitar v. Rahman, 272 Va. 130, 140, 630 S.E.2d 319, 324-25 (2006)).

In Vasquez v. Mabini, 269 Va. 155, 158, 606 S.E.2d 809, 810 (2005), the plaintiff brought a wrongful death suit against the defendants for the death of Tamara Mabini, the plaintiff's wife. At trial, the plaintiff presented the testimony of Richard B. Edelman, about the expected loss of income and economic value of the loss of the decedent's services, protection, care, and assistance. Id. at 159, 606 S.E.2d at 811. Edelman testified as to the decedent's lost income and benefits based on the assumption that the decedent would have found full-time employment the day after the accident that killed her at the rate of $8/hour, despite the fact that she had been working part-time for $8/hour for the three months preceding the accident and seeking full-time work. Id.

The defendants objected to these and other assumptions by Edelman, and the trial court overruled their objections. Following a verdict for the plaintiff, the defendants appealed. On appeal, the plaintiff argued that the defendants waived any objection to Edelman's testimony because they did not timely object prior to trial pursuant to the court's scheduling order. Id. at 161, 606 S.E.2d at 812. The Supreme Court of Virginia held that the defendants' failure to file pre-trial objections to Edelman's proposed testimony did not constitute a waiver because the summary of Edelman's testimony filed by plaintiff did not contain the specifics of his testimony and would not have given the defendants any reason to object. Id. The Court further found that the plaintiff's direct examination of Edelman did not reveal his reliance upon the unsupported

assumptions that underlay his opinion; cross-examination was necessary to bring these matters to light. After a brief redirect, the defendants moved to strike Edelman's testimony. Id. at 162, 606 S.E.2d at 813. The Court held that under the circumstances, the defendants did not waive their objection to Edelman's testimony because at the first opportunity, after the flaws in the expert testimony had become apparent on cross-examination, the defendants moved to strike it. Id. at 162-63, 606 S.E.2d at 813.

Similarly in the case at bar, given the circumstances of Gillespie's testimony, appellant's objection was timely. On direct examination, Gillespie did not then testify as to how he knew the total costs of repairs would be $3,000. At that time, it was not reasonably foreseeable to appellant that Gillespie's testimony might qualify as inadmissible hearsay. It was not clear until cross-examination that Gillespie's testimony as to the cost of repairs was partially based on information received from the property management company. Once it became evident that Gillespie based his testimony on information provided to him by the property management company, appellant's counsel promptly objected. Therefore, based on the circumstances of this case and the manner in which the testimony was elicited, we hold that appellant's objection claiming Gillespie's testimony was hearsay was timely and the issue properly preserved for this appeal.

### B. Standard of Review

"Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Crews v. Commonwealth, 18 Va. App. 115, 117, 442 S.E.2d 407, 408 (1994). "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Id. at 118, 442 S.E.2d at 409 (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

C. Admissibility of Gillespie's Testimony as to Cost of Repairs

We hold that Gillespie's testimony as to the cost of repairs to the property constituted inadmissible hearsay.

Hearsay is "'testimony given by a witness who relates not what he knows personally, but what others have told him or what he has heard said by others. '" Bowman v. Commonwealth, 28 Va. App. 204, 209, 503 S.E.2d 241, 243 (1998) (quoting Cross v. Commonwealth, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953)). "'Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Tatum v. Commonwealth, 17 Va. App. 585, 588, 440 S.E.2d 133, 135 (1994) (quoting Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977)). "Determining whether a statement is offered to prove the truth or falsity of the matter asserted requires an analysis of the purpose for which the statement is offered into evidence." Swain v. Commonwealth, 28 Va. App. 555, 559, 507 S.E.2d 116, 118 (1998).

A person familiar with property can estimate its value. Walls v. Commonwealth, 248 Va. 480, 483, 450 S.E.2d 363, 365 (1994) ("[T]he general rule is that opinion testimony of a nonexpert, who is not the owner of the personal property in question, is admissible upon the subject of property value, provided the witness possesses sufficient knowledge of the value of the property or has had ample opportunity for forming a correct opinion as to value."); see also Burton v. Commonwealth, 58 Va. App. 274, 282, 708 S.E.2d 444, 448 (2011). This rule does not, however, dispose of the requirement that a person testify based on his personal knowledge and not on hearsay information provided by a third party.

In the present case, while Gillespie had personal knowledge of the damage done to the property, he did not have personal knowledge of the cost to repair that damage. Rather, he

testified that the information as to the cost of the repairs was entirely based upon the amount provided to him by the property management company. Further, the record does not indicate that Gillespie, as the property's caretaker, paid for the repairs on behalf of his employer, and on that basis acquired personal knowledge of the cost of the repairs. Thus, his observation of the damage to the property corroborated the $3,000 figure; however it did not provide an independent basis for the cost of repairs. In short, his testimony concerning what the management company told him constitutes an out-of-court statement offered for the truth of the matter asserted.

We addressed a similar situation in an unpublished opinion, Brown v. Commonwealth, No. 2825-07-1, 2009 Va. App. LEXIS 30 (Va. Ct. App. Jan. 27, 2009).[4] In Brown, the defendant damaged but did not total Ms. Washington's vehicle. Id. at *2-3. Ms. Washington testified that the cost to repair her vehicle was $1,600, based on an estimate from a repair shop. Id. at *4. The defendant objected to that testimony as hearsay and later moved to strike the Commonwealth's evidence. Id. Ms. Washington's testimony was the Commonwealth's only evidence of damages. Id. at *9-10. The trial court denied the defendant's motion to strike and found the defendant guilty of felony destruction of property in violation of Code § 18.2-137. Id. at *1.

On appeal we noted that, while Ms. Washington was competent to testify as to the value of the truck, because her vehicle was merely damaged and not totaled, the Commonwealth had the burden of proving the fair market cost of repair. Id. at *11 (citing Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997)). However, "Ms. Washington did not offer her own opinion as to the fair market cost of repair. She merely repeated the out-of-court estimate that an unidentified repair shop reportedly gave to her." Id. Therefore, the Court went on to

---

[4] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350, 735 S.E.2d 255, 257 (2012) (citing Rule 5A:1(f)).

examine "whether the rule allowing lay opinion testimony by a property owner as to the value of the owner's property allows an owner to give secondhand testimony of the amount of a specific repair estimate by an out-of-court declarant over the defendant's hearsay objection." Id. at *12. The issue was at the time the Court decided Brown, and remains, a question of first impression in Virginia. Id.

The Court held that Ms. Washington's testimony was inadmissible hearsay and reversed and remanded the defendant's conviction due to insufficient evidence of damages. Id. at *17. In support of its conclusion, Brown discussed the statutory exception to the hearsay rule for affidavits estimating the cost of repairing the damage to motor vehicles, applicable only in civil cases. Id. at *12-13 (citing Code § 8.01-416(A)). The Court reasoned that the statutory exception would not be necessary if the legislature understood the rule allowing an owner's testimony as to the value of property to mean that an owner could testify as to the estimated cost of repairs for property based upon estimates provided by third parties. Id. at *14. Further, the Court noted that it "would be inconsistent with our traditional maintenance of standards for the admission of evidence in criminal cases" to admit hearsay testimony in a criminal case which would be inadmissible in a civil case absent compliance with Code § 8.01-416(A). Id.

We find the Court's rationale in Brown persuasive. Because Gillespie's testimony as to the cost of repairs to the property was based on inadmissible hearsay, we reverse appellant's conviction for property damage over $1,000, and remand for a new trial on misdemeanor property damage, should the Commonwealth be so advised. See Crowder v. Commonwealth, 41 Va. App. 658, 666, 588 S.E.2d 384, 388 (2003) (citing Gorham v. Commonwealth, 15 Va. App. 673, 678, 426 S.E.2d 493, 496 (1993)).

Reversed and remanded.