COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

A.A.B., A MINOR

MEMORANDUM OPINION* BY
v.        Record No. 2073-17-1                    JUDGE ROBERT P. FRANK
                                                  NOVEMBER 6, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

Darcy Gwen Reed (W. McMillan Powers; Office of the Public
Defender, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Appellant A.A.B.,[1] a minor, was convicted by a jury of two misdemeanors, possession of a

firearm by a minor in violation of Code § 18.2-308.7, and carrying a concealed weapon in violation

of Code § 18.2-308.  On appeal, he challenges the trial court's failure to credit him with the time he

had spent, pre-trial and post-trial, in a juvenile detention facility.  For the reasons stated, we affirm.

BACKGROUND

Appellant was arrested on the two misdemeanor charges on June 6, 2017, and remained

in detention until his sentencing in the trial court on September 28, 2017, except for ten days in

July 2017 and twenty-two days in August 2017 when he had been released on bond.  At

sentencing, appellant contended that he should be given credit for the time he spent in

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We refer to appellant only by his initials to protect the identity of the minor.  In the style
of the case in appellant's brief, he erroneously referred to himself as "B.,A.A."

confinement. He argued that failure to credit this time would violate his rights to due process,

equal protection, and a jury trial, as well as the constitutional prohibition of double jeopardy.

Without addressing appellant's arguments, the trial court sentenced appellant to an indeterminate

commitment to the Department of Juvenile Justice (DJJ), pursuant to Code § 16.1-285.[2] The

sentencing order for each of the two misdemeanor convictions provides that "[t]he Defendant shall

be given credit for time spent in confinement while awaiting trial pursuant to Code Section

53.1-187."[3]

This appeal follows.

ANALYSIS

On appeal, appellant contends that by not giving him credit for time spent in detention,

the trial court violated his constitutional rights regarding due process, equal protection, jury trial,

double jeopardy, and speedy trial.[4]

We must note that in each of its sentencing orders of September 28, 2017, the trial court

granted appellant the precise relief he requested. A court speaks through its orders. See

Simmons v. Commonwealth, 54 Va. App. 594, 599, 681 S.E.2d 56, 58 (2009). Therefore,

appellant will not now be heard to claim that the trial court erred. See Buchanan v.

Commonwealth, 238 Va. 389, 400-01, 384 S.E.2d 757, 764 (1989) (holding that a party may not

---

[2] Appellant does not challenge the validity of Code § 16.1-285. As pertinent here, Code § 16.1-285 provides that "all commitments under this chapter shall be for an indeterminate period having regard to the welfare of the juvenile and interests of the public, but no juvenile committed hereunder shall be held or detained longer than thirty-six continuous months or after such juvenile has attained the age of twenty-one years."

[3] While the sentencing order credited appellant with "time spent in confinement," it is clear from appellant's argument before the trial court that "confinement" referred to time spent in a detention facility.

[4] The speedy trial claim was not preserved below; thus we do not address that argument on appeal. See Rule 5A:18.

be heard to complain on appeal where the record shows that the lower court took the very action requested or agreed to by that party).

If for some reason DJJ did not credit appellant with the time he was detained, as ordered by the trial court, his claim is against DJJ. Direct appeal to this Court is not the appropriate vehicle to address the claim. See Jarrett v. Commonwealth, Record No. 1390-02-2, 2003 Va. App. LEXIS 503 (Va. Ct. App. Oct. 7, 2003).[5]

Finding that the trial court granted appellant the relief he sought, we affirm appellant's convictions.

Affirmed.

---

[5] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350 n.3, 735 S.E.2d 255, 257 n.3 (2012); see also Rule 5A:1(f).