COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Huff and AtLee
Argued at Norfolk, Virginia

PUBLISHED

ERIC CHERRON JONES

v.          Record No. 0315-19-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
DECEMBER 27, 2019

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge[1]

David W. Anderson, II, Assistant Public Defender, for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Eric Cherron Jones appeals his conviction of possession of cocaine in violation of Code

§ 18.2-250.  On appeal, he argues that the trial court erred by denying his motion to suppress

because the traffic stop leading to his arrest was "conducted without any reasonable suspicion of

criminal activity or any violation of traffic laws."  We agree.

I.  BACKGROUND

Officer Brown of the Hampton City Police Department observed Jones driving a car in

Hampton.  As Jones approached an intersection, he activated his turn signal and changed lanes,

crossing over a single, solid white line immediately before the intersection.  The officer turned

on his lights and initiated a traffic stop.  A camera in the police car recorded Jones' lane change.

---

[1] Judge Hutton presided over the sentencing hearing and sentenced Jones.  Judge
Designate Dean Sword, Jr. ruled on the motion to suppress at issue in this appeal.

When the officer approached the car, he observed marijuana in plain view inside the car. He then searched Jones and discovered cocaine in Jones' pocket. Jones was indicted for possession of cocaine.

Before his trial, Jones moved to suppress the cocaine, arguing that crossing the single, solid white line immediately before the intersection was not a violation of the law and thus the initial traffic stop was not legal under the Fourth Amendment. Because the lane change did not violate the law, Jones argued that the officer did not have reasonable suspicion to stop him, and therefore, the traffic stop violated the Fourth Amendment and the evidence should be suppressed.

The trial court held a hearing on the motion. The officer who pulled Jones over, Officer Brown, was a twelve-year veteran of the police force. He testified that, because of his training, he believed that crossing a single, solid white line immediately before an intersection was a traffic violation. The Commonwealth acknowledged that it was not, but it argued that the mistake was a reasonable mistake of law under Heien v. North Carolina, 574 U.S. 54 (2014), and that suppression was not required.

The trial court found that "it's pretty clear that [crossing the solid white line] is not a violation." Nonetheless, the trial court determined that the issue was whether the exclusionary rule applied. It concluded that, under the existing Supreme Court case law, it did not. Therefore, the trial court denied the motion to suppress.

The trial court held a second hearing after Jones filed a motion to reconsider. Jones argued in his motion that under Heien v. North Carolina, the question is whether the mistake of law was reasonable and submitted that the officer's mistake here was not because there was no statutory ambiguity that would justify such a mistake. The trial court ruled that it would not change its mind or revisit its original ruling.

Jones then entered a conditional guilty plea, which allowed him to appeal the denial of the motion to suppress. The trial court sentenced Jones to a term of five years with three years suspended. Jones now appeals to this Court.

## II. ANALYSIS

Jones argues that the trial court erred in denying his motion to suppress because the traffic stop was not supported by reasonable suspicion. We agree.

### A. *Reasonable Mistake of Law under Heien v. North Carolina*

"On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth." Carlson v. Commonwealth, 69 Va. App. 749, 757 (2019) (quoting McCracken v. Commonwealth, 39 Va. App. 254, 258 (2002)). "We give deference to the trial court's factual findings and review *de novo* the application of law to those facts." Id. at 758.

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV. A traffic stop is a "'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." Heien, 574 U.S. at 60. To justify the traffic stop, an officer must have reasonable suspicion that the person stopped committed a crime or traffic violation. McCain v. Commonwealth, 275 Va. 546, 553 (2008).

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" Kentucky v. King, 563 U.S. 452, 459 (2011) (quoting Brigham City v. Stuart, 547 U.S. 398, 403 (2006)). "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for enforcing the law in the community's protection.'" Heien, 574 U.S. at 60-61 (quoting Brinegar v. United States, 338 U.S. 160, 176 (1949)).

The United States Supreme Court has determined that "reasonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition." Id. at 60. But "[t]he Fourth Amendment tolerates only *reasonable* mistakes, and those mistakes—whether of fact or of law—must be *objectively* reasonable. We do not examine the subjective understanding of the particular officer involved." Id. at 66.

The test, then, is whether the seizure is supported by a reasonable mistake of law. "A court tasked with deciding whether an officer's mistake of law can support a seizure thus faces a straightforward question of statutory construction. If the statute is genuinely ambiguous, such that overturning the officer's judgment requires hard interpretive work, then the officer has made a reasonable mistake." Id. at 70 (Kagan, J., concurring).

In Heien, a police officer pulled over a driver for having only one functioning brake light. The North Carolina courts concluded that the relevant statutes required only one working brake light. Id. at 59. The statute referred to "'*a* stop lamp,' suggesting the need for only a single working brake light." Id. at 67. But it also referred to "one or more *other* rear lamps," and a separate statute required that vehicles have "all originally equipped rear lamps or the equivalent in good working order," which suggested that if a vehicle had multiple "stop lamp[s]," they must all be functional. Id. at 68. Because of the ambiguity, the Supreme Court held that it was objectively reasonable for the officer to believe that a single faulty brake light was a violation of the law, and thus the stop was justified. Id. at 68.

By contrast, a mistake of law is not reasonable, and will not justify a stop, where the relevant statutes are not ambiguous. See Commonwealth v. Donald, No. 0376-16-2 (Va. Ct. App. Aug. 23, 2016).[2] In Donald, officers detained defendants for jaywalking when

---

[2] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350 n.3 (2012).

they crossed the street where there was no intersection and no crosswalk.  Id. at *2.  The nearest intersection was a tenth of a mile away and did not have a crosswalk.  The statute was unambiguous and the plain language provided only two ways to violate the statute:  "By carelessly or maliciously interfering with the orderly passage of vehicles when crossing a highway, or by failing to cross at an intersection or marked crosswalk where it is possible to do so."  Id. at *6.  Consequently, "it was not reasonable for an officer" to make a stop simply because the defendants did not cross at an intersection.  Id. at *7-8.

Here, there is no ambiguity or conflict in the statutes that would justify the officer's mistake of law.  Code § 46.2-804, which deals with the laws governing highways laned for traffic, does not contain any language that could be reasonably interpreted to prohibit crossing a single, solid white line.  Subsection (5) prohibits crossing "a solid line immediately adjacent to a broken line," without reference to the color of the line, if the vehicle is on the side of the solid line.  Subsection (6) prohibits crossing "double traffic lines consisting of two immediately adjacent solid yellow lines."  Subsection (7) prohibits crossing "double traffic lines consisting of two immediately adjacent solid white lines."[3]  None of these provisions make any reference to a single, solid white line.  Nor do the sections refer to a single solid line without reference to color.

The Commonwealth argues that the officer's mistake was reasonable because the statute refers to a "solid line immediately adjacent to a broken line."  We disagree.  The provisions of the statute are clear and unambiguous and do not mention a single, solid white line.  Thus, we hold that the officer's mistake was not a reasonable mistake of law under Heien.

---

[3] Both parties refer to a driver's manual from the Virginia Department of Motor Vehicles. But even that manual simply states that lane changes of the type made by Jones are "discourage[d]."  It does not state that crossing a single, solid white line is prohibited by law.

## B. *The Exclusionary Rule*

The trial court relied on Heien to determine that the exclusionary rule did not apply. Under Heien, however, whether there was a reasonable mistake of law "relates to the antecedent question of whether it was reasonable for an officer to suspect that the defendant's conduct was illegal. If so, there was no violation of the Fourth Amendment in the first place." Heien, 574 U.S. at 66. In Heien, the Supreme Court did not address whether the exclusionary rule would have applied because it determined there was no Fourth Amendment violation. Because we conclude that the mistake of law was not reasonable, we must decide whether to apply the exclusionary rule.

The exclusionary rule is "a 'judicially created remedy' . . . whose 'sole purpose is to deter future Fourth Amendment violations,'" Collins v. Commonwealth, 297 Va. 207, 214 (2019) (quoting Davis v. United States, 564 U.S. 229, 236-37 (2011)), by "prevent[ing] evidence obtained in violation of the [F]ourth [A]mendment from being used against an accused," Knight v. Commonwealth, 61 Va. App. 297, 310 (2012) (second and third alteration in original) (quoting Redmond v. Commonwealth, 57 Va. App. 254, 261 (2010)). Because of the great social cost, however, "[e]xclusion of evidence is a last resort rather than the first impulse." Carlson, 69 Va. App. at 759.

"To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Collins, 297 Va. at 215 (quoting Herring v. United States, 555 U.S. 135, 144 (2009)). The exclusionary rule "seeks 'to deter deliberate, reckless, or grossly negligent conduct.'" Id. The test, then, is "'whether a reasonably well trained officer would have known that the search [or seizure] was illegal' in light of 'all of the circumstances.'" Id. (quoting Herring, 555 U.S. at 145).

Here, the officer's conduct was sufficient to trigger the exclusionary rule. His mistake of law was not reasonable because the statute pertaining to the lane markings clearly and unambiguously did not prohibit crossing a single, solid white line. The statute was not new or recently amended. Thus, there is no explanation for the officer's mistake other than inadequate study of the laws. We conclude that "a reasonably well trained officer" would have known that the seizure of Jones was illegal. "[A]n officer can gain no Fourth Amendment advantage through a sloppy study of the laws he is duty-bound to enforce," Heien, 574 U.S. at 67, and failure to apply the exclusionary rule in this instance would reward just such a "sloppy study of the law." Consequently, we determine that trial court should have applied the exclusionary rule.

### III. CONCLUSION

Because the officer's mistake of law was not objectively reasonable and his conduct was sufficiently culpable to justify application of the exclusionary rule, the evidence should have been suppressed. Accordingly, we conclude that the trial court erred in denying the motion to suppress, and we reverse its decision and vacate Jones' conviction. Because this case involved a conditional guilty plea under Code § 19.2-254, we remand to the trial court to permit Jones to withdraw his conditional guilty plea and for further proceedings not inconsistent with this opinion.

Reversed and remanded.